# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 26, 2015

Plaintiff-Appellee,

v

No. 319059
Wayne Circuit Court
LC No. 11-012704-FC

ABDURRAHMAAN ABU-JEBREEL,

Defendant-Appellant.

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from his bench trial convictions of armed robbery, MCL 750.529, assault with the intent to cause great bodily harm less than murder, MCL 750.84, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during a felony (felony firearm), MCL 750.227b. The trial court sentenced defendant as a second habitual offender, MCL 769.10, to 16 to 40 years for armed robbery, 6 to 15 years for assault with the intent to cause great bodily harm, 3 to 7½ years for felon in possession of a firearm, and two years for felony-firearm. We affirm.

This case arises out the shooting and robbery of complainant Evan McCarver in the home of Kennesha McKenney. McKenney did not testify at any of the proceedings below. According to McCarver's testimony, McKenney invited him to the apartment. McCarver stated that he had an occasional sexual relationship with McKenney and was unaware that defendant was allegedly living with her. Per McCarver's account, he was talking on the telephone with his brother when defendant came into the apartment. McCarver stated that he saw defendant pull a handgun and point it at his head, and McCarver walked into the bedroom and hid behind the door. He heard a clicking noise twice and thought it was a gun jamming and that he was going to be shot. McCarver was dialing 911 when defendant walked into the bedroom and demanded that McCarver give him the cell phone, and defendant shot him after the phone was handed over.

Defendant raised defenses of insanity and that he acted in self-defense or defense of others. Defendant testified that the apartment was his residence part time, there was animosity between himself and McCarver, McCarver was known to carry a firearm, and defendant acted in self-defense and out of concern of harm to McKenney and children present in the home. Defendant stated that McCarver was attacking him, but was unarmed when he was shot.

-1-

Defendant testified that McCarver did not have a gun at the time of the shooting and fled to the bedroom before defendant shot him.

Defendant argues that the trial court erred in scoring Offense Variable (OV) 19 at 10 points based on defendant's disposal of the firearm used in the crime by giving it to his "people" before the onset of the investigation.[1] We disagree.

A court must score OV 19 at 10 points if the "offender [] interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). In assessing points under OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010). A defendant interferes with the administration of justice by "oppos[ing] so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Interference with the administration of justice encompasses more than the actual judicial process and can include conduct that occurs before criminal charges are filed, including acts that do not necessarily constitute chargeable offenses. *People v Barbee*, 470 Mich 283, 286-288; 681 NW2d 348 (2004).

The trial court found that defendant interfered with the investigation of a crime when he discarded the firearm used in the shooting by giving it to his "people." Defendant asserts that scoring OV 19 in this case would force an offender to incriminate himself by handing over evidence to the police to avoid being assessed 10 points. However, defendant did not merely fail to provide evidence to police but admitted that he actively disposed of and concealed evidence with the express intent of hindering the investigation. In *People v Ericksen*, 288 Mich App 192, 203-204; 793 NW2d 120 (2010), we held that OV 19 was properly scored where the defendant wiped down the knife used in the crime, "ask[ed] one of his companions to dispose of it, and ask[ed] other to lie about his whereabouts on the night of the crime." We find that defendant's actions in this case, i.e., giving the firearm used in shooting to his "people" with the admitted purpose of hindering the investigation, sufficiently analogous to the facts in *Ericksen* to support the trial court's assessment of 10 points under OV 19.

Defendant next argues that the trial court erred in failing to properly instruct on an imminent threat of death, thus violating his due process rights. Because defendant was convicted at a bench trial, we construe his argument as one that there was insufficient evidence to support his convictions and that the court erred in finding that he had not acted in self-defense.[2]

---

[1] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

[2] Whether a defendant's conviction was supported by sufficient evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010).

A killing is justified if it is done in self-defense. *People v Riddle,* 467 Mich 116, 126-127; 649 NW2d 30 (2002). "A claim of self-defense first requires proof that the defendant has acted in response to an assault." *People v Elkhoja*, 251 Mich App 417, 442; 651 NW2d 408 (2002), vacated in part on other grounds, 467 Mich 916 (2003). A defendant acts in self-defense if: (1) the defendant honestly and reasonably believes that he is in danger of death or great bodily harm; (2) the action taken appears to be immediately necessary at the time; and (3) the defendant is not the initial aggressor. *Riddle,* 467 Mich at 119-120.

In this case, the facts expressly relied on by the trial court establish that the prosecution proved beyond a reasonable doubt that defendant was not acting in self-defense when he shot McCarver. Contrary to defendant's argument that McCarver was the aggressor, the evidence showed that: (1) upon defendant's initial entry into the apartment, McCarver moved to a window to avoid confrontation; (2) following a break in hostilities McCarver fled to the bedroom and defendant followed him to that location; and (3) McCarver was unarmed at the time of the shooting. Thus, there was evidence offered that defendant was the aggressor. Defendant merely asserts that he believed McCarver could have been armed based on his past possession of a firearm. Prior animosity between defendant and McCarver are not dispositive nor are vague references to the McCarver's brother coming over to assault defendant. This was not imminent threat, as the trial court noted. Defendant was never placed at risk of death or serious injury in this case based on any testimony, nor did defendant have a reasonable belief he was at risk when he was relying principally on past altercations to support his contention. Further, the evidence established that defendant fled the scene after the shooting. Defendant also had changed his story, having previously stated that the gun went off accidentally. Based on these findings, the trial court did not err in concluding that defendant had not acted in self-defense and that his use of force was unreasonable.

Defendant next argues that he received ineffective assistance of counsel and that we must reverse his convictions or, alternatively, remand this case for an evidentiary hearing regarding ineffective assistance of counsel.[3] We disagree.

To establish ineffective assistance of counsel, a defendant must demonstrate (1) that his attorney's performance fell below an objective standard of reasonableness; (2) a reasonable probability that, in the absence of the error, the result of the proceedings would have differed; and (3) that the result of the proceedings was fundamentally unfair or unreliable. *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). "Decisions regarding . . . whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its

---

[3] "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Findings on questions of fact are reviewed for clear error, while rulings on questions of constitutional law are reviewed de novo." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Defendant contends that the affidavit by McKenney, as set forth in the dissenting opinion, requires a reversal or remand. However, *defendant himself admits* that "trial counsel interviewed [McKenney] before trial and could not determine with certainty what testimony [she] would put forth." From the affidavit, it can be deduced that McKenney had made an incriminating statement about defendant to the police. Under the circumstances, trial counsel acted well within the bounds of reasonableness in declining to call McKenney as a witness. Even if McKenney had changed her story and testified favorably for defendant at trial, she would have been subject to impeachment by the prior incriminating statement. We will not second-guess trial counsel on the decision to keep her off the witness stand. *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). Reversal or remand is not warranted.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro