PEOPLE v PASSAGE

Docket No. 271655. Submitted November 6, 2007, at Grand Rapids. Decided November 13, 2007, at 9:00 a.m. Leave to appeal denied, 480 Mich 1138.

Trevor S. Passage was convicted by a jury in the Kalamazoo Circuit Court of robbery, and was sentenced by the court, Philip D. Schaefer, J., as a fourth-offense habitual offender to 50 months to 20 years in prison. He appealed, alleging that his physical altercation and struggle with a store's loss-prevention officer and other employees outside the store after he was confronted about unpaid merchandise was merely an attempt to evade capture and did not constitute the use of force and violence during a robbery as contemplated by MCL 750.530. He also alleged error in the assessment of points for offense variable (OV) 19, MCL 777.49, which concerns interference with the administration of justice.

The Court of Appeals *held*:

1. The use of force against a person in the course of committing a larceny, which includes the period of flight, is sufficient under MCL 750.530. Exerting strength and physical power to free oneself from another's grasp constitutes "force" under the statute. There was sufficient evidence that the defendant engaged in the use of force during his struggles with the store's personnel during his flight.

2. The store's personnel were authorized under MCL 764.16(d) to arrest the defendant under the circumstances of this case. The store's personnel were engaged in the administration of justice for purposes of MCL 777.49 and the court properly scored OV 19.

Affirmed.

1. CRIMINAL LAW — ROBBERY — WORDS AND PHRASES — FORCE.

A defendant's exertion of strength and physical power to free himself or herself from the grasp of a person in an attempt to evade capture during the period of flight following the commission of a larceny is a use of "force" sufficient to support a conviction for robbery (MCL 750.530).

2. SENTENCES — OFFENSE VARIABLES — INTERFERENCE WITH THE ADMINISTRATION OF JUSTICE.

A store employee who has reasonable cause to believe that a person has committed retail larceny is statutorily authorized to arrest the person and is engaged in the administration of justice during such action for the purposes of scoring offense variable 19 of the sentencing guidelines, concerning interference with the administration of justice, where the arrested person used force or the threat of force in an attempt to prevent the arrest (MCL 764.16[d]; MCL 777.49).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey R. Fink*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann* for the defendant.

Before: MURPHY, P.J., and SMOLENSKI and METER, JJ.

MURPHY, P.J. Defendant was convicted by a jury of robbery, MCL 750.530, and sentenced as an habitual offender, fourth offense, MCL 769.12, to a prison term of 50 months to 20 years. Defendant appeals as of right. We affirm.

This case arises out of a theft of a car stereo from a Meijer's store and defendant's physical altercation and struggle with the store's loss-prevention officer and other employees outside the store after defendant was confronted about the unpaid merchandise.

Defendant first argues that the trial court erred in denying his motion for a directed verdict, alleging there was insufficient evidence to show that defendant used force and violence during the robbery as contemplated by MCL 750.530.

This Court reviews a trial court's decision on a motion for a directed verdict de novo. *People v Mayhew*, 236 Mich App 112, 124-125; 600 NW2d 370 (1999).

When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515-516; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. *Id.* at 514-515. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines,* 460 Mich 750, 757; 597 NW2d 130 (1999). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Terry,* 224 Mich App 447, 452; 569 NW2d 641 (1997).[1]

MCL 750.530 provides:

> (1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.
>
> (2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

Defendant contends that the evidence presented showed that he was merely trying to evade capture by wrestling himself free, and not that he was directing

---

[1] These principles are equally applicable in the context of an argument that the court erred in denying a motion for a directed verdict. *People v Aldrich,* 246 Mich App 101, 122-123; 631 NW2d 67 (2001).

any force or violence at any person outside of that context. This argument lacks merit. The statute's clear and unambiguous language punishes a defendant for using force or violence, committing an assault, or placing a person in fear during flight or attempted flight after the larceny was committed.[2] The statute makes no distinction between using force to evade capture as part of a physical struggle against pursuers in an effort to break free from their grasp or attempts at restraint and force used affirmatively and not within that context. Rather, the use of any force against a person during the course of committing a larceny, which includes the period of flight, is sufficient under the statute. "Force" is nothing more than the exertion of strength and physical power. *Random House Webster's College Dictionary* (2001). Exerting strength and physical power to free oneself from another's grasp constitutes "force" under MCL 750.530. There was evidence that defendant engaged in the use of force during flight, or attempted flight, by physically struggling with Meijer's personnel and attempting to kick them. Therefore, there was sufficient evidence to support the robbery

---

[2] Issues of statutory interpretation are reviewed de novo on appeal. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. *People v Tombs*, 472 Mich 446, 451; 697 NW2d 494 (2005); *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). The words contained in a statute provide us with the most reliable evidence of the Legislature's intent. *Id.* at 549. In ascertaining legislative intent, this Court gives effect to every word, phrase, and clause in the statute. *Id.* If the wording or language of a statute is unambiguous, the Legislature is deemed to have intended the meaning clearly expressed, and we must enforce the statute as written. *Tombs, supra* at 451; *Shinholster, supra* at 549. "A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

conviction, given that there is no dispute that defendant committed a larceny.

Defendant next argues that the trial court erred in assessing points for offense variable (OV) 19, MCL 777.49, which concerns interference with the administration of justice, because the Meijer's employees were private citizens trying to prevent shoplifting, not police officials attempting to administer justice.

OV 19 specifically addresses threats "to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. In this case, the trial court assessed 15 points against defendant. MCL 777.49(b) provides that 15 points should be scored where "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services."

Defendant does not argue that his actions in resisting detention did not interfere with the efforts of store personnel to prevent him from leaving the premises with unpaid store property. Rather, defendant argues that interference with store employees does not constitute interference with the administration of justice.

Because "interference" is conceded by defendant, and because "force" was used by defendant as part of the interference, the question that we are left with is whether the activities of Meijer's personnel can be deemed participation in the "administration of justice."

Our Supreme Court has determined that the phrase "interfered with or attempted to interfere with the administration of justice" is broader than the concept of obstruction of justice and that conduct subject to scoring under OV 19 "does not have to necessarily rise to

the level of a chargeable offense . . . ." *People v Barbee*, 470 Mich 283, 287; 681 NW2d 348 (2004). The Court additionally declared that "[l]aw enforcement officers are an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order." *Id.* at 288. The Court added that because "[t]he investigation of crime is critical to the administration of justice[,] . . . [p]roviding a false name to the police constitutes interference with the administration of justice, and OV 19 may be scored, when applicable, for this conduct." *Id.*

For present purposes, the major significance of *Barbee* is that it makes clear that interfering with a police officer's attempt to investigate a crime constitutes interference with the administration of justice. Defendant protests that unlike the law enforcement officers considered in *Barbee*, the store employees are not an integral component in the administration of justice.

One of the individuals who chased, physically scuffled with, and apprehended defendant was the store's loss-prevention officer, and the others involved were all store personnel who held various positions. MCL 764.16(d) provides that a private person may make an arrest

> [i]f the private person is a merchant, an agent of a merchant, an employee of a merchant, or an independent contractor providing security for a merchant of a store and has reasonable cause to believe that the person to be arrested has [committed first- or second-degree retail larceny] in that store, regardless of whether the [crime] was committed in the presence of the private person.

Here, Meijer's loss-prevention officer and his colleagues were statutorily authorized to make an arrest, considering that they were employees of a merchant and had reasonable cause to believe that defendant had

committed retail larceny. Therefore, Meijer's personnel were clearly engaged in the administration of justice for purposes of MCL 777.49. Defendant vigorously resisted and threatened store employees who were acting under explicit statutory authority to place defendant under arrest. Defendant thus interfered, or tried to interfere, with the administration of justice.

We further note that MCL 777.49(b) speaks of using force or threatening force against another "person," without limiting the direction of the force or threat to acts against police officers. Indeed, in *People v Endres*, 269 Mich App 414, 420-422; 711 NW2d 398 (2006), this Court found that a score of 15 points for OV 19 was proper where the defendant threatened to kill the victim, knowing that the victim would be the primary witness against the defendant should criminal charges be filed. The *Endres* panel stated, "There was sufficient evidence to conclude that because of defendant's threats, his victim might have been dissuaded from coming forward with accusations and testimony, thus preventing the discovery and prosecution of defendant's crimes." *Id.* at 421.

Here, defendant, as he was being taken to the loss-prevention office, threatened the loss-prevention officer, stating, "I better not see you outside of this f*****g place." Implicit in this threat is the use of subsequent physical force against the loss-prevention officer, which could have dissuaded the officer from testifying against defendant. This is comparable to the situation in *Endres*.

In sum, for the reasons stated above, the trial court properly scored OV 19 at 15 points.

Affirmed.