# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONNIE JAMES MCQUEEN,

        Defendant-Appellant.

UNPUBLISHED
November 4, 2014

No. 316153
Kent Circuit Court
LC No. 12-005098-FH

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of unarmed robbery, MCL 750.530. He was sentenced to 18 months to 20 years' imprisonment. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

## A. STANDARD OF REVIEW

Defendant contends that there was insufficient evidence to support his conviction. We review "de novo a challenge on appeal to the sufficiency of the evidence." *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotations marks and citations omitted). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). However, "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

## B. ANALYSIS

The robbery statute, MCL 750.530, provides:

> (1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against

-1-

any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.

(2) As used in this section, 'in the course of committing a larceny' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

This statute "prohibits anyone who is in the course of committing a larceny of any money or other property from using force or violence against *any person who is present*." *People v Smith-Anthony*, 494 Mich 669, 686; 837 NW2d 415 (2013) (emphasis in original) (quotation marks and citation omitted). In other words, "[t]o be guilty of unarmed robbery, a defendant must (1) feloniously take the property of another, (2) by force or violence or assault or putting in fear, and (3) be unarmed." *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). "Unarmed robbery is a specific intent crime for which the prosecution must establish that the defendant intended to permanently deprive the owner of property." *Id.*

In the instant case, defendant posits that there was insufficient evidence because no video footage showed him actually taking the property or leaving the store with it. However, defendant admitted that he picked up a box of flea medication, walked through the store holding it, with the intent to steal it. A loss-prevention associate testified that he observed defendant carrying the box, and that defendant concealed it in his shorts pocket while walking through the store. When an asset-protection manager approached defendant and identified himself, defendant's accomplice ran, and the manager grabbed defendant's wrist. A struggle ensued, and defendant eventually fled from the store. There was sufficient evidence that defendant took the flea medication and carried it through the store with the intent to deprive the owner of it permanently.

Defendant, however, posits that there was no evidence that he actually took the flea medication out of the store. However, the store employees observed defendant take the medicine, and defendant admitted that he intended to steal it. While defendant claims to have placed the medicine on a shelf after taking it, there is no video substantiating this claim, and the fact finder was free to disbelieve defendant's testimony. Moreover, that defendant may have dropped the medication is immaterial, as an attempted larceny is sufficient under the statute. See *People v Williams*, 491 Mich 164, 166; 814 NW2d 270 (2012) ("When the Legislature revised the robbery statute, MCL 750.530, to encompass a 'course of conduct' theory of robbery, it specifically included 'an attempt to commit the larceny' as sufficient to sustain a conviction for robbery itself."). We also note that defendant fled the scene, and "[e]vidence of flight is admissible to support an inference of consciousness of guilt and the term 'flight' includes such actions as fleeing the scene of the crime." *Unger*, 278 Mich App at 226 (quotation marks and citation omitted).

We also find sufficient evidence that defendant used force or violence or assaulted the manager in the course of committing the larceny. "Force is nothing more than the exertion of strength and physical power," and "[e]xerting strength and physical power to free oneself from another's grasp constitutes 'force' under MCL 750.530." *People v Passage*, 277 Mich App 175, 178; 743 NW2d 746 (2007). Here, defendant admitted that he struggled with the manager, and

that defendant's shoe hit the manager in the face. The manager testified that defendant attempted to flee, struggled with him, kicked him in the chin, and gnawed at his shoulder. As this Court has recognized, MCL 750.530 "makes no distinction between using force to evade capture as part of a physical struggle against pursuers in an effort to break free from their grasp or attempts at restraint and force used affirmatively and not within that context." *Passage*, 277 Mich App at 178. As for defendant's suggestion that the use of force had to be contemporaneous with the taking, the use of force at any point "during the course of committing a larceny, which includes the period of flight, is sufficient under the statute." *Id.* at 178.[1]

Viewing the evidence in the light most favorable to the prosecution, it was sufficient to sustain defendant's conviction for unarmed robbery.

## II. CONCLUSION

There was sufficient evidence that defendant committed unarmed robbery. We affirm.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan

---

[1] Furthermore, even defendant acknowledges that the case and proposition he is relying on, *People v Randolph*, 466 Mich 532, 544; 648 NW2d 164 (2002), has been overruled.