# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CHRISTIAN JESJUAN FOLDEN,

       Defendant-Appellant.

UNPUBLISHED
May 28, 2015

No. 319907
Ingham Circuit Court
LC No. 13-000541-FC

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

Defendant appeals his jury-trial convictions of assault with intent to rob while armed, MCL 750.89, assault with intent to do great bodily harm less than murder, MCL 750.84, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In April 2013, defendant contacted an acquaintance, Wesley Schulze, to ask if he could purchase marijuana. Schulze agreed, and the two met at a street corner in Lansing. Defendant approached Schulze's car, and saw that Schulze was accompanied by three friends. Schulze showed defendant a bag of marijuana and asked if he wanted to purchase it. Defendant indicated that he did, but refused to pay Schulze's "asking" price. This price dispute escalated into a physical altercation (initiated by defendant), in which defendant pulled out a gun and shot Schulze three times. Schulze's wounds necessitated medical treatment at a local hospital. At the hospital, Schulze provided the police with defendant's first name and phone number, and told an officer where the shooting took place.

The prosecution charged defendant with: (1) assault with intent to rob while armed, MCL 750.89; (2) assault with intent to do great bodily harm less than murder, MCL 750.84; (3) carrying a concealed weapon, MCL 750.227; and (4) felony-firearm, MCL 750.227b. The jury heard testimony from defendant, Schulze (who received immunity from prosecution), and two of

-1-

Schulze's friends who were in his car at the time of the botched drug deal. These witnesses identified defendant as the man who shot Schulze after attempting to purchase marijuana.[1]

Another of Schulze's friends, Brooke Church, who had introduced Schulze and defendant, also testified at trial. Church told the jury that she had seen defendant at a hotel hours after the shooting, and overheard defendant and his uncle talking in the bathroom about "something . . . that [involved] someone . . . getting hurt." Church did not testify to any specific statements made by defendant or his uncle, but noted that they seemed intent on not telling her about the events of that evening: "they were just like, 'Don't tell her. Don't let her know.' " She admitted that she could not identify who said what during the conversation. Defendant objected to Church's testimony regarding his conversation with his uncle, and said it was hearsay, but the trial court admitted this testimony.

The jury convicted defendant of all charges. On appeal, defendant claims that the trial court violated his right to due process and to confront the witnesses against him[2] by admitting Church's testimony regarding his conversation with his uncle. He also alleges that his trial counsel gave him ineffective assistance because counsel supposedly failed to fully investigate the factual background of his case.

## II. STANDARD OF REVIEW

A trial court's evidentiary rulings are reviewed for an abuse of discretion. *People v Watson*, 245 Mich App 572, 575; 629 NW2d 411 (2001). An abuse of discretion occurs when a court "chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). The interpretation of a statute or court rule is a question of law that is reviewed de novo. *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008).

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; [a] Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136

---

[1] Schulze and one eyewitness identified defendant from a photo lineup prior to trial; the other eyewitness identified defendant in court.

[2] Defendant's argument regarding the confrontation clause is unpreserved and without merit. See *People v Jackson*, 292 Mich App 583, 594; 808 NW2d 541 (2011). The confrontation clause may only bar the admission of "testimonial statements" made by individuals who do not testify. *People v Nunley*, 491 Mich 686, 697–698; 821 NW2d 642 (2012). Generally speaking, a "testimonial statement" is a statement that is "made under circumstances that would lead an objective witness reasonably to believe that it would be available for use at a later trial." *Id*. at 709. The conversation that Church heard between defendant and his uncle occurred outside a formal proceeding and was made before defendant was charged with shooting Schulze. Accordingly, it cannot be "testimonial" and the trial court's admission of Church's recollection of the statement did not violate defendant's rights under the confrontation clause.

-2-

(2012). If there is no evidentiary hearing on the matter below, this Court's review is limited to errors apparent on the record. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).

## III. ANALYSIS

## A. HEARSAY

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). The admission of hearsay evidence is generally prohibited. MRE 802. However, a statement is not hearsay if it is the admission of a party-opponent. MRE 801(d)(2)(A). "A party admission under MRE 801(d)(2)(A) is 'simply words or actions inconsistent with the party's position at trial, relevant to the substantive issues in the case, and offered against the party.' The evidentiary rule requires that the statement: (1) be offered against a party and; (2) be the party's own statement, either in an individual or representative capacity." *Maiden v Rozwood*, 461 Mich 109, 125 n 8; 597 NW2d 817 (1999), quoting 2 McCormick Evidence (4th ed), § 254, p 142. "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Roscoe*, 303 Mich App 633, 639; 846 NW2d 402 (2014).

Here, defendant says that the trial court erred when it admitted Church's testimony on the conversation defendant had with his uncle in the hotel bathroom. Defendant implicitly argues that while Church's testimony regarding statements made by defendant is not hearsay, per MRE 801(d)(2)(A), her testimony regarding statements made by his uncle is inadmissible hearsay, because Church's uncle is not a party opponent under MRE 801(d)(2)(A). Because Church, by her own admission, was unable to identify specific statements made during defendant's conversation with his uncle, much less the identity of the person making such statements, defendant claims that her testimony on the conversation is inadmissible hearsay.

Church's testimony regarding the statements made during the bathroom conversation was "offered in evidence to prove the truth of the matter asserted"—i.e., that defendant engaged in actions that involved "someone . . . getting hurt" earlier that evening. MRE 801(c). Accordingly, Church's testimony concerning this bathroom conversation is hearsay, unless it is included in the definitional exceptions to the hearsay rule contained in MRE 801(d)(1) or (d)(2), or subject to one (or more) of the hearsay exceptions contained in MRE 803 or 804.

Again, Church's testimony does not clearly identify which individual—defendant or his uncle—made the statements Church related from the bathroom conversation. In the absence of an affirmative statement from Church that she overheard defendant, as opposed to his uncle, the statements from her testimony on the bathroom conversation were inadmissible under MRE

801(d)(2)(A), or any other exception to the hearsay rule. The trial court therefore should have excluded Church's testimony on the bathroom conversation.[3]

However, the trial court's error in this matter is harmless because the prosecution presented additional (and overwhelming) evidence of defendant's guilt, in the form of testimony from Schulze and two other eyewitnesses. This testimony demonstrated that defendant got into a car to purchase drugs from Schulze, refused to pay Schulze's requested price, initiated a physical altercation, and shot Schulze three times. Each witness identified defendant as the perpetrator of these actions. The question of witness credibility is a matter that should not be second-guessed on appeal. *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007). Accordingly, the trial court's error in admitting Church's testimony was harmless, because it was not "outcome determinative," and defendant's argument to the contrary is without merit. *Roscoe*, 303 Mich App at 639.

## B. ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate of his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

Here, defendant claims that trial counsel did not provide him effective assistance because counsel did not request Schulze's medical records or consult with a ballistics expert. However, defendant fails to offer proofs that show how the medical records or the testimony of a ballistics expert would have supported his case at trial. Instead, he merely speculates as to what this potential evidence might have established. Because defendant offers no proof that the information would have been favorable to his case, defendant has not established the factual predicate for his claim of ineffective assistance of counsel. *Carbin*, 463 Mich at 600.

Moreover, defendant cannot demonstrate that the result of the proceedings would have

---

[3] The prosecution unconvincingly asserts that because defendant's uncle was not at the shooting, it can be surmised that defendant, not his uncle, made the statements about "something . . . that [involved] someone . . . getting hurt." This assumption is not well taken—defendant's uncle could have easily made the statements Church overheard, because defendant presumably informed him of the night's events during the conversation. And again, Church could not identify the speaker at any given time during the conversation—nor could she identify specific statements made by anyone involved in the conversation. Absent an assurance from Church that the statements she testified to were actually spoken by defendant (and not his uncle), MRE 801(d)(2)(A) is inapplicable and the conversation is hearsay.

been different had the unidentified information been presented. See *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). In fact, it is just as likely such information would have supported Schulze's testimony and further incriminated defendant. Therefore, his claim that counsel gave him ineffective assistance lacks merit.

Affirmed.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray