# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES ELLSBY ROBERTS,

       Defendant-Appellant.

UNPUBLISHED
September 11, 2018

No. 337938
Huron Circuit Court
LC No. 15-105327-AR

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant, James Ellsby Roberts, appeals by leave granted[1] the circuit court's March 24, 2017 opinion and order affirming his April 14, 2015, jury trial convictions of two counts of misdemeanor stalking, MCL 750.411h, and rejecting his claim of ineffective assistance of counsel. On April 30, 2015, defendant was sentenced to one year of probation. We affirm.

## I. FACTS

This case arises from a dispute between defendant and his neighbors, Kathleen Cilc and Frantz Jensen. Cilc stated that in July 2014, she and her husband, Jensen, were concerned that defendant had not mowed the grass on an easement along his property, and that her husband mowed the easement to help defendant. She stated that she believed that defendant felt slighted after her husband mowed the grass, and that defendant became more upset when the police visited defendant about the easement's uncut grass. Defendant then engaged in a progressively escalating course of harassment. In July 2014, defendant put food and fruit near the property line, attracting seagulls and yellow jackets. In September 2014, defendant left steak bones, banana peelings, and cucumbers in his yard, which Cilc averred blew into her yard. In September 2014, defendant mowed his lawn and positioned the lawnmower's chute to blow dust and dirt toward Cilc's chairs, which were covered with wet paint. Between September 2014 and into November 2014, defendant beamed flashlights into Cilc and Jensen's home. Cilc testified that in the beginning of December 2014, defendant placed his underwear and other pieces of

---

[1] *People v Roberts*, unpublished order of the Court of Appeals, entered September 15, 2017 (Docket No. 337938).

-1-

clothing about his property. Jensen testified that in December 2014, defendant dressed in military garb and marched along the edge of his property line. Cilc testified that on December 24, 2014, defendant threw ice cubes at her home after dark. Jensen complained that on January 5, 2015, there were "loud noises coming from outside that were shaking . . . rattling pictures inside of his house. . . ." Cilc testified that on January 19, 2015, defendant flashed laser lights into her home. Both Cilc and a police officer testified that a video recording from Cilc and Jensen's home surveillance system showed the lights coming from defendant's window on January 19, 2015.

Defendant was charged in two separate district court files. In the first case, he was charged with stalking Cilc and Jensen from July 15, 2014, to January 2, 2015. In the second case, he was charged with aggravated stalking based on conduct from July 15, 2014, to January 19, 2015; however, the charge was later reduced to misdemeanor stalking. After being convicted of both misdemeanor stalking charges, defendant requested a *Ginther*[2] hearing, alleging that his trial counsel was ineffective. The district court held a *Ginther* hearing and concluded that trial counsel did not provide deficient representation. Defendant filed an appeal in the circuit court, and that court affirmed defendant's convictions and denied that defendant received ineffective assistance of counsel at trial. This appeal followed.

## II. ANALYSIS

Defendant raises two claims of ineffective assistance of counsel on appeal. First, defendant contends that trial counsel was ineffective by failing to object to the admission of the video surveillance evidence. Second, defendant argues that trial counsel was ineffective for failing to object to the second charge of stalking, or for failing to move for a directed verdict with respect to that charge, as the second charge violated principles of double jeopardy. We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id.* at 188. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

Effective assistance of counsel is presumed, and criminal defendants have a heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016). When claiming ineffective assistance of counsel, it is a defendant's burden to prove "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

defendant must show that "but for counsel's deficient performance, a different result would have been reasonably probable." *Armstrong*, 490 Mich at 290, citing *Strickland*, 466 US at 694–696. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

## A. VIDEO SURVEILLANCE EVIDENCE

Defendant first argues that his trial counsel was ineffective for not objecting to the admission of video evidence collected by Cilc and Jensen's home surveillance system. Defendant avers that he has a reasonable expectation of privacy in his backyard, that a warrantless search of that area is unconstitutional, and that Cilc and Jensen should have obtained a warrant before videotaping his property. He argues that the surveillance constituted a search within the scope of the Fourth Amendment, and that because Cilc and Jensen did not obtain a warrant to conduct surveillance on his home, the use of videotaped evidence to convict him constituted a violation of his Fourth Amendment rights. We disagree.

When presented with similar arguments at defendant's *Ginther* hearing, the district court found that the evidence was not obtained illegally and that defendant and trial counsel had agreed that its introduction was part of their defense strategy. On appeal to the circuit court, the circuit court concluded:

> the argument that defendant was subject to an illegal search and seizure based on allegations that the complainants were acting as governmental agents by installing video cameras fails as there is nothing in the record to indicate that the complainants acted as governmental agents or at their direction.

"The right against unreasonable searches . . . is guaranteed by both the United States Constitution and the Michigan Constitution." *People v Taylor*, 253 Mich App 399, 403; 655 NW2d 291 (2002), citing US Const, Am IV; Const 1963, art 1, § 11 (other citations omitted). "Not all searches, however, implicate the Fourth Amendment." *Taylor*, 253 Mich App at 404. The constitutional protections against unreasonable searches and seizures apply only to *governmental conduct* that can reasonably be characterized as a "search." *People v Frohriep*, 247 Mich App 692, 699; 637 NW2d 562 (2001). One seeking the benefit of the constitutional protections carries the burden of showing that they apply. *People v Nash*, 418 Mich 196, 204; 341 NW2d 439 (1983).

The initial inquiry in any search and seizure analysis is whether there was a search. *People v Brooks*, 405 Mich 225, 242; 274 NW2d 430 (1979). Not all intrusions constitute searches. *Nash*, 418 Mich at 204. Intrusions are not searches in the constitutional sense if not conducted by the government or those working on behalf of the government. See, e.g., *People v Perlos*, 170 Mich App 75, 83; 428 NW2d 685 (1988), rev'd on other grounds 436 Mich 305 (1990). A search—even an unreasonable one—conducted by a private person not acting as an agent of the government or with the participation or knowledge of any governmental official is not subject to constitutional limitations. *People v McKendrick*, 188 Mich App 128, 141; 468 NW2d 903 (1991).

Cilc and Jensen were acting as private citizens when they installed and used a home surveillance system on their property. Cilc testified that she and Jensen installed a video surveillance system to deter defendant from continuing his harassing behaviors; the surveillance system was not installed to collect evidence that may have been useful in a criminal prosecution. Moreover, the cameras were not pointed directly at defendant's home. Cilc testified that the cameras were situated such that they recorded her property and parts of defendant's property. Regardless, defendant has failed to establish Cilc and Jensen as government agents rather than private citizens, despite defendant's contention that his neighbors acted as police agents when they conducted the video surveillance at the behest of the Fairhaven Chief of Police Chester Kowalski, a governmental official.[3] Defendant additionally notes that Cilc testified that she and her husband felt that they needed to install the cameras in order to prove that defendant was the one causing the disturbances. In support of his position, defendant cites to *McKendrick*, 188 Mich App at 142-143, where this Court stated:

> To determine whether a given search is the type proscribed by the Fourth Amendment, two initial factors must be shown. First, the police must have instigated, encouraged, or participated in the search. Second, the individual must have engaged in the search with the intent of assisting the police in their investigative efforts. A person will not be deemed a police agent merely because there was some antecedent contact between that person and the police . . . .

Admittedly, the evidence conflicts as to whether Kowalski knew of Cilc and Jensen's video surveillance while the system was being utilized. Huron County Sheriff Deputy Ryan Neumann testified that "Jensen said he was advised by the Fairhaven Chief [of Police] to put up surveillance cameras on the exterior of his home to capture evidence of the neighbor harassing him." However, Kowalski denied that he asked Cilc and Jensen to surveil defendant for the purpose of gathering evidence, and he indicated that he learned about the existence of videos and pictures of defendant when Cilc and Jensen gave him the evidence. Moreover, even assuming that Kowalski advised Cilc and Jensen to install surveillance cameras to capture evidence of defendant's conduct, defendant cites no evidence that Cilc and Jensen did so with the "intent of assisting the police in their investigative efforts," *McKendrick*, 188 Mich App at 143; rather, it appears that they did so with the intent of assisting *themselves* in their *own* efforts to prove to the

---

[3] Defendant also argues that Cilc and Jensen needed to obtain a search warrant to incidentally record his property while surveilling their own. However, defendant has provided no authority to support his position. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Henry*, 315 Mich App 130, 148; 889 NW2d 1 (2016) (quotation marks and citation omitted). "The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. Failure to brief a question on appeal is tantamount to abandoning it." *Id*. at 148-149 (quotation marks and citation omitted). Accordingly, we conclude this issue to be abandoned and decline to address it.

police that defendant was harassing them. And even if they did so at Kowalski's suggestion, "[a] person will not be deemed a police agent merely because there was some antecedent contact between that person and the police . . . ." *Id.*

Further, defendant cannot establish that he was denied the effective assistance of counsel with respect to the video evidence. At the *Ginther* hearing below, trial counsel testified that she discussed consenting to the introduction of video evidence with defendant, and he agreed to do so because he felt that the videos showed that he was the one being stalked by his neighbors – not the other way around. On appeal, defendant does not contest that he agreed to admit this evidence as a matter of trial strategy. Accordingly, he has waived any appellate argument that counsel acted unreasonably in failing to object to its admission. Further, this Court does not second-guess trial counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

## B. DOUBLE JEOPARDY

Defendant next argues that his trial counsel was ineffective for failing to move to dismiss his second stalking charge, and by not moving for a directed verdict, because the charge violated the constitutional prohibition against double jeopardy and was supported by insufficient evidence. We disagree.

"Stalking" is defined as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411h(1)(d). " 'Course of conduct' means a pattern of conduct composed of a series of 2 or more separate noncontinuous acts evidencing a continuity of purpose." MCL 750.411(1)(a). "Harassment" is "conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress." MCL 750.411h(1)(c).

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Ream*, 481 Mich 223, 227; 750 NW2d 536 (2008). These guarantees protect a defendant against both successive prosecutions for the same offense and multiple punishments for the same offense. *People v Gibbs*, 299 Mich App 473, 489; 830 NW2d 821 (2013).

Defendant argues that his second stalking conviction is based in part on acts used to convict him of his first stalking charge, and that the second charge therefore violated the prohibition against multiple punishments. However, the prosecution presented evidence at trial of two incidents that allegedly took place after the time period included in the first charge (July 15, 2014 to January 2, 2015). Evidence was presented that defendant's neighbors placed a call to police on January 5, 2015, complaining that defendant was making loud noises at 3:05 a.m. and that the noises were rattling pictures in their home. Cilc testified that on January 19, 2015, defendant shined lights into her home. Video evidence was introduced, which Cilc and Deputy Neumann averred showed a shining light from defendant's home that pointed toward Cilc and

Jensen's home. These are two independent acts that a jury could have properly used to convict defendant of stalking under MCL 750.411h during the relevant time period.

Defendant argues that using an incident from prior to January 2, 2015 (i.e., acts that could support a conviction on the first stalking charge) as the "first independent act" vis-à-vis the second stalking charge, together with a "second independent act" from either January 5, 2015 or January 19, 2015 (i.e., acts that could support a conviction on the second charge), is impermissible. This contention is misguided. When a defendant continues a prohibited course of conduct, prosecutors may use "prior" conduct used to convict defendant on a previous charge of stalking, in combination with a "new" independent act, to convict defendant on a "new" second charge of stalking. See, e.g., *People v White*, 212 Mich App 298, 307; 536 NW2d 876 (1995). Accordingly, defendant's second stalking conviction does not violate double jeopardy. Therefore, any objection by trial counsel would have been futile, and "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *Ericksen*, 288 Mich App at 201. Moreover, we note that at the *Ginther* hearing below, trial counsel testified that where defendant was originally charged with stalking and aggravated stalking, she successfully got the aggravated stalking charge reduced. Based on the foregoing, we cannot conclude that trial counsel's representation was deficient.

Defendant also argues that his trial counsel was ineffective for not moving for a directed verdict with respect to the second charge on the basis of double jeopardy and insufficient evidence. The standards governing review of a motion for a directed verdict and a challenge to the sufficiency of the evidence are the same. Compare *People v Chelmicki*, 305 Mich App 58, 64; 850 NW2d 612 (2014), with *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007).

As discussed, counsel was not ineffective for failing to launch a futile double jeopardy claim, and cannot be faulted for failing to demand a directed verdict on that meritless basis. Furthermore, the second stalking charge was supported by sufficient evidence and moving for a directed verdict would have been futile. Evidence was presented that between July 15, 2014, and January 2, 2015, defendant engaged in a persisting campaign of harassment. Cilc and Jensen stated that defendant left trash in his yard, which blew into their yard; that he left underwear about his property; and that he purposefully directed his lawnmower's chute at their freshly painted chairs, flashed lights into their home, threw ice cubes at their home, and marched in military garb outside at night. The jury could have utilized any one of these incidents, in conjunction with either the "loud noise" incident on January 5, 2015, or the "flashing lights" incident on January 19, 2015, to convict defendant on the second stalking charge. The jury could have also solely used the January 5 and January 19, 2015 incidents to convict defendant of stalking on that charge. Although defendant argues that there was insufficient evidence to support a finding that he committed an act of harassment on January 5, 2015, evidence was presented that defendant's neighbors placed a call to police on that date, complaining that defendant was making loud noises at 3:05 a.m. and that the noises were rattling pictures in their home. Accordingly, defendant's argument lacks merit.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien