*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN RAY DEWEERD,

        Defendant-Appellant.

UNPUBLISHED
March 11, 2021

No. 349353
Cass Circuit Court
LC Nos. 16-010107-FH; 16-010108-FH

Before: TUKEL, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his sentence for his convictions of maintaining a methamphetamine laboratory, MCL 333.7401c(2)(f), and breaking and entering with intent to commit a larceny, MCL 750.110. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 78 months to 40 years' imprisonment for his maintaining a methamphetamine laboratory conviction, and 46 months to 15 years' imprisonment for his breaking and entering with intent to commit a larceny conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a probation violation. In August 2016, defendant pleaded guilty to maintaining a methamphetamine laboratory, maintaining a drug house, and possession of marijuana. As a factual basis for his plea, defendant testified that in March 2016, he possessed the components and chemicals to manufacture methamphetamine. The presentence information report (PSIR) included information from the police report that, when officers found the methamphetamine in the home where defendant had been residing for approximately two months, defendant denied to the officers that he used methamphetamine or was aware of the methamphetamine components in the house. At the time, defendant told the officers that because of his prior methamphetamine charges, he would have left the home if he had known methamphetamine was being manufactured there. Defendant also pleaded guilty to charges in a

---

[1] *People v Deweerd*, 505 Mich 973; 937 NW2d 636 (2020).

separate case, including breaking and entering with intent to commit a larceny, one count of breaking and entering a vehicle to steal property less than two hundred dollars, and possession of marijuana.

Under the sentencing guidelines for maintaining a methamphetamine laboratory, the trial court assessed 10 points for Offense Variable (OV) 19 on the basis of defendant's untruthful statements to the police officers about methamphetamine production in the home; defendant's untruthful statements to law enforcement were classified as an attempt to interfere with the administration of justice. The 10 points assessed for OV 19 increased defendant's minimum sentencing guidelines range to 78 months to 21 years' imprisonment.

The trial court originally sentenced defendant in September 2016 to three years' probation. However, on April 25, 2018, while defendant was still on probation, police officers found methamphetamine in the car defendant was driving. Defendant was found guilty of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and as a result, the trial court revoked defendant's probation. The trial court resentenced defendant to 78 months to 40 years' imprisonment for his maintaining a methamphetamine-laboratory conviction and to 46 months to 15 years' imprisonment for his breaking and entering a building with intent to commit a larceny conviction.

Defense counsel did not object to the scoring of OV 19 during the sentencing hearing, though defendant later moved for resentencing on the grounds that the trial court had improperly assessed 10 points for OV 19 and that defense counsel was ineffective for failing to object to defendant's OV score. The trial court denied defendant's motion for resentencing. This appeal followed.

II. STANDARDS OF REVIEW

On appeal, defendant challenges the scoring of OV 19, arguing that his statements to law enforcement did not amount to interference with the administration of justice. Defendant further argues that defense counsel was ineffective for failing to object to the scoring of OV 19.

This Court reviews de novo whether a trial court properly interpreted and applied sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). This Court reviews for clear error the trial court's findings in support of points it assesses under the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The prosecution must prove by a preponderance of the evidence facts in support of a score. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). Clear error exists when this Court is left with a definite and firm conviction that the trial court made an error. *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012).

The question whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). This Court reviews a trial court's findings of fact for clear error and reviews questions of law de novo. *Id*. However, when, as in this case, a defendant has not preserved the claim that his or her counsel was ineffective, this Court is limited to review for mistakes apparent on the record. *Id*.

III. ANALYSIS

Defendant first argues on appeal that the trial court erroneously assessed defendant 10 points for OV 19. We disagree.

Under OV 19, MCL 777.49(c), the trial court scores 10 points when it finds that the defendant "interfered with or attempted to interfere with the administration of justice." To interfere with the administration of justice means to oppose "so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Interference warranting 10 points under OV 19 includes a broad range of actions; OV 19 considers more than the judicial process, including conduct that took place before the filing of criminal charges. *Id*.

Generally, a trial court is to assign points for variables according to the sentencing offense alone, unless the language of the OV statute specifies otherwise. *McGraw*, 484 Mich at 136. A trial court appropriately assesses points for OV 19 when the defendant engaged in conduct that constitutes an attempt to avoid being caught for the sentencing offense, *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), including when a defendant communicates to a victim or witness that they should not speak to the police, *People v McDonald*, 293 Mich App 292, 299-300; 811 NW2d 507 (2011). Interference with the administration of justice is broader than obstruction of justice, and the conduct alone does not need to rise to the level of a chargeable offense. *People v Passage*, 277 Mich App 175, 180-181; 743 NW2d 746 (2007). The trial court may rely on reasonable inferences from the record when assigning points for variables. *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012). Sentencing guidelines must be calculated according to the version of the guidelines in effect on the date the crime was committed. MCL 769.34(2).

In this case, the trial court's finding is that defendant should be assessed 10 points for OV 19 is supported by a preponderance of the evidence. See *Osantowski*, 482 Mich at 111. Defendant argues that he "did nothing more than maintain his innocence," however, we cannot agree with defendant's characterization of the events. Defendant deliberately lied to law enforcement regarding the ownership and production of methamphetamine which would have hampered the investigation. Specifically, defendant claimed that if he were to have known of the methamphetamine inside the home, he would have left because of his previous methamphetamine charges. Indeed, defendant's statement to law enforcement regarding ownership and production was false.

Conduct that occurs during the investigation of a crime can constitute interference with the administration of justice under OV 19. See *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004). See also *Passage*, 277 Mich App at 180 (explaining that *Barbee* "makes clear that interfering with a police officer's attempt to investigate a crime constitutes interference with the administration of justice"). Thus, we conclude that by providing specific, misleading, and dishonest information to investigating officers, defendant's conduct constituted interference with the administration of justice. See *Hershey*, 303 Mich App at 344 (stating that attempts to deceive officers during an investigation can constitute an interference with the administration of justice for OV 19). Therefore, we further conclude that the trial court did not clearly err by assessing 10 points for OV 19. Defendant is not entitled to resentencing.

Defendant argues next that he received ineffective assistance of counsel where defense counsel failed to object to the trial court's assessment of points for OV 19. Again, we disagree.

For defendant to establish a claim of ineffective assistance of counsel, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). A counsel's performance was deficient if it fell below an objective standard of reasonableness under prevailing professional norms. See *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Counsel's performance prejudiced the defense if there is a reasonable probability that, but for counsel's error, the outcome would have been different. *Id*. There exists a strong presumption that defense counsel's decisions constituted sound strategy. *Heft*, 299 Mich App at 83. Failing to raise a futile objection does not constitute ineffective assistance of counsel. See *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004).

As discussed *supra*, defendant was correctly assessed 10 points for OV 19. Thus, any objection to the scoring of OV 19 by defense counsel would have been futile. *Moorer*, 262 Mich App at 76. Accordingly, defendant cannot show that defense counsel's performance was deficient, and therefore, he cannot prevail on his claim of ineffective assistance of counsel.

Moreover, defendant cannot show that defense counsel's performance resulted in prejudice to the defense. *Fyda*, 288 Mich App at 450. There is no indication that the trial court would have agreed with an objection by defense counsel or sentenced defendant differently because the trial court later denied defendant's motion for resentencing on the basis of the OV 19 score. *Heft*, 299 Mich App at 84-85; *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005). In sum, where defendant has failed to show defense counsel's performance was deficient, and likewise cannot establish that he was prejudiced by defense counsel's failure to object to the scoring of OV 19, defendant's claim that he was denied the effective assistance of counsel is without merit.

Affirmed.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Thomas C. Cameron