PEOPLE v DELINE

Docket No. 237307. Submitted December 17, 2002, at Lansing. Decided December 27, 2002, at 9:25 A.M. Leave to appeal sought.

Robert C. Deline was convicted by a jury in the Gratiot Circuit Court, Randy L. Tahvonen, J., of operating a motor vehicle while under the influence of liquor, third offense (OUIL 3d), and driving while his license was suspended. The court exceeded the range recommended by the sentencing guildeines in sentencing the defendant to forty to sixty months of imprisonment for the OUIL 3d conviction. The defendant appealed.

The Court of Appeals *held*:

1. The trial court erred in scoring ten points for offense variable (OV) 19 of the sentencing guidelines on the basis that the defendant had interfered or attempted to interfere with the administration of justice when he exchanged seating positions with a passenger in an attempt to make it appear to police officers who had stopped the defendant's automobile that the defendant was not the driver. Interference with the administration of justice involves an effort to undermine or prohibit the judicial process by which a civil claim or criminal charge is resolved. The defendant did not engage in any conduct aimed at undermining the judicial process relating to the charges against him. However, the trial court's scoring error is harmless in light of the fact that the trial court would still have exceeded the sentencing range that would have resulted in the absence of the scoring error.

2. The trial court had substantial and compelling reasons for exceeding the sentencing guidelines. The trial court properly considered the number and extent of the defendant's prior convictions although the prior convictions were already partially accounted for in the guidelines scoring. Other factors not accounted for in the guidelines and properly considered by the trial court included the defendant's unwillingness or inability to accept responsibility for his actions or make changes needed to prevent further driving offenses.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — INTERFERENCE
WITH ADMINISTRATION OF JUSTICE.

Interference with the administration of justice, for purposes of a sentencing guidelines offense variable relating to such conduct, involves an effort to undermine or prohibit the judicial process (MCL 777.49[c]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Keith J. Kushion*, Prosecuting Attorney, and *LuAnn Cheyne Frost*, Assistant Attorney General, for the people.

State Appellate Defender (by *Jacqueline J. McCann* and *Valerie R. Newman*) for the defendant on appeal.

Before: BANDSTRA, P.J., and MURPHY and GRIFFIN, JJ.

PER CURIAM. Defendant was convicted by a jury of operating a vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(1); and driving while his license was suspended, MCL 257.904(1). The trial court departed upward from the sentencing guidelines and sentenced defendant to serve forty to sixty months for his operating under the influence conviction. Defendant appeals his sentence as of right. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

According to the police officers who testified at trial, defendant was driving a vehicle in excess of the speed limit. When the vehicle was stopped by the police officers, field sobriety tests led them to conclude that defendant was intoxicated and, later, blood drawn from the defendant showed a blood-alcohol level of 0.22, far in excess of the legal limit for driving. See MCL 257.625(1). However, defendant and his passenger contended that the passenger, not defen-

dant, had been driving the car. Although defendant was in the passenger seat at the time the car was stopped, the police officers testified that they saw activity indicating that the two occupants of the vehicle had switched positions. The jury apparently sided with the police officers in finding defendant guilty.

Defendant first argues that the trial court incorrectly scored offense variable (OV) 19 by determining that defendant had "interfered with or attempted to interfere with the administration of justice" and assigning ten sentencing points as a result. See MCL 777.49(c). Defendant here presents a question of statutory interpretation that we review de novo. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001). We agree with defendant's position.

"Interference with" justice is equivalent in meaning to "obstruction of" justice. Garner, *A Dictionary of Modern Legal Usage* (2d ed), p 611. Obstruction of justice "is a broad phrase that captures every willful act of corruption, intimidation, or force *that tends somehow to impair the machinery of the civil or criminal law.*" *Id.* (emphasis added). Interference with the administration of justice thus involves an effort to undermine or prohibit the judicial process by which a civil claim or criminal charge is resolved. See, e.g., *People v Coleman*, 350 Mich 268; 86 NW2d 281 (1957) (affirming a conviction of obstruction of justice involving witness tampering).

Defendant here did not engage in any conduct aimed at undermining the judicial process by which the charges against him would be determined. Instead, he tried to evade those charges altogether by switching seats with his passenger and refusing an immediate blood-alcohol content test. If we were to

conclude that this evasive and noncooperative behavior justified the imposition of points under OV 19, that variable would apply in almost every criminal case. Defendants almost always seek to hide their criminal behavior and rarely step forward to offer evidence proving their guilt.

Accordingly, the imposition of ten sentencing points against defendant under OV 19 was error. As defendant himself admits, the guidelines sentencing range that applies in the absence of those points has an upper limit only one month lower than that employed by the trial court. In light of the trial court's reasons for exceeding the guidelines as well as our conclusion that a significant departure upward was appropriate here (see discussion below), we conclude that the slight OV 19 error was harmless and do not remand for resentencing. MCR 2.613(A).

Defendant further argues that the trial court improperly imposed a sentence that departed upward from the guidelines range. The longest minimum term authorized by that range was twenty-four months; the trial court imposed a minimum sentence of forty months. We review this issue to determine "whether the trial court had 'a substantial and compelling reason' to depart from the guidelines." *People v Babcock*, 244 Mich App 64, 74; 624 NW2d 479 (2000), quoting MCL 769.34(11); see also MCL 769.34(3). In doing so, we may consider factors already taken into account during guidelines scoring if we find from the facts in the record that those factors were given inadequate weight. MCL 769.34(3)(b).

We do not find that the sentencing departure here was in error. As pointed out by the prosecutor, although defendant's history of misdemeanors and

felonies was partially accounted for in the scoring of prior record variables, that scoring did not account for the number or extent of those offenses. Other factors not accounted for in the guidelines scoring indicate that defendant is unwilling or unable to accept responsibility for his actions or make the changes needed to protect the public from further driving offenses by him. For example, he was on probation for drunken driving at the time of his offense, he had a blood-alcohol level far in excess of the legal limit, he was driving although his license had been suspended, and he has been sentenced to jail for numerous drunken driving offenses.

We affirm.