Michigan Supreme Court
Lansing, Michigan

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 23, 2004**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                     No. 123491

EDMUND McGEHEE BARBEE, JR.,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

We granted leave to appeal to determine if a defendant's conduct that occurs before criminal charges are filed can form the basis for an assessment of points under offense variable 19 (OV 19) for interference with the administration of justice.[1] Because we find that conduct occurring before criminal charges are filed can form the

---

[1] MCL 777.49 details the conduct that warrants points under OV 19. Points assessed are used in conjunction with other factors to produce a sentencing guidelines range within which a defendant's minimum sentence must fall unless the sentencing court identifies substantial and compelling reasons for deviating from the range.

basis for interference, or attempted interference, with the administration of justice, we affirm the trial court's scoring of ten points for OV 19.

## I. FACTS

Defendant was stopped when a law enforcement officer observed the car defendant was operating cross the fog line twice. The officer also observed that it was dark and the car did not have its headlights on. Defendant told the officer his name was Christopher Noble Barbee. Defendant's name is actually Edmund McGehee Barbee, Jr. Defendant's fianceé gave the officer defendant's correct name.

A Breathalyzer test determined defendant's blood alcohol content was 0.29 grams per 210 liters of breath. Defendant pleaded guilty of operating a motor vehicle while intoxicated, third offense, MCL 257.625, in exchange for the dismissal of two charges related to driving while his license was suspended, MCL 257.904. Because defendant gave the law enforcement officer a false name, the trial court scored OV 19 at ten points and imposed a prison sentence of twenty-nine to sixty months. Defendant objected to the assessment of ten points under OV 19, arguing that giving the law enforcement officer his brother's name was not interference with the administration of justice because the officer would have learned his true identity in due course.

Defendant's motion for resentencing, which challenged the scoring of OV 19, was denied.  The Court of Appeals denied defendant's application for leave to appeal for lack of merit in the grounds presented.  This Court granted defendant's application for leave to appeal.  469 Mich 966 (2003).

## II. STANDARD OF REVIEW

We review de novo issues of statutory interpretation. *People v Krueger*, 466 Mich 50, 53; 643 NW2d 223 (2002).

## III. ANALYSIS

The issue in this case is one of statutory interpretation.  The statute at issue, MCL 777.49, states, in pertinent part, the following:

> Offense variable 19 is a threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services.  Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) The offender by his or her conduct threatened the security of a penal institution or court ................................25 points
>
> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services ...............................15 points

3

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice ............................10 points

(d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force ................0 points[2]

Because the language of the statute is plain and unambiguous, we enforce the statute as written and follow its plain meaning, giving effect to the words used by the Legislature. See *In re MCI*, 460 Mich 396, 411; 596 NW2d 164 (1999).

While "interfered with or attempted to interfere with the administration of justice" is a broad phrase that *can* include acts that constitute "obstruction of justice," it is not limited to *only* those acts that constitute "obstruction of justice."[3] The Legislature specifically chose to use the phrase "interfered with or attempted to interfere with the administration of justice." If the

---

[2] The statute has been amended twice since the date of defendant's offense. The amendments, however, do not affect the issue or the outcome in this case.

[3] In *People v Thomas*, 438 Mich 448, 458; 475 NW2d 288 (1991), this Court determined that the defendant's conduct —making a false statement in a police report—was a "substantial impediment to the administration of justice," but was *not* an obstruction of justice.

Legislature had meant for OV 19 to apply only in cases dealing with the obstruction of justice, it could have easily used that phrase. "Obstruction of justice" is a well-known term of art. In *People v Thomas*, 438 Mich 448, 457-458; 475 NW2d 288 (1991), this Court stated that common-law obstruction of justice is comprised of various offenses. To the contrary, conduct that "interfered with or attempted to interfere with the administration of justice" does not have to necessarily rise to the level of a chargeable offense because it is merely being used as one of various factors to determine a defendant's sentencing guidelines range.

The Court of Appeals in *People v Deline*, 254 Mich App 595, 597; 658 NW2d 164 (2002), ignored the significance of the words used by the Legislature in MCL 777.49 and equated "interfered with or attempted to interfere with the administration of justice" with "obstruction of justice."[4] Because the Legislature chose not to use the phrase "obstruction of justice," this Court cannot interpret the

---

[4] Notably, in an opinion issued one week after *Deline*, the Court of Appeals essentially reached the opposite conclusion. In *People v Cook*, 254 Mich App 635; 658 NW2d 184 (2003), the Court of Appeals held that it was proper for the trial court to score ten points under OV 19 for defendant's conduct in attempting to flee from the police.

5

statute as if it had.  In reaching this decision, we are merely applying basic rules of statutory interpretation and giving effect to the words used by the Legislature.  See *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993).

While the *Deline* panel held that OV 19 could only be scored when the conduct interfered with the judicial process, we find that the phrase "interfered with or attempted to interfere with the administration of justice" encompasses more than just the actual judicial process. Law enforcement officers are an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order.  In *Hewitt v White*, 78 Mich 117, 119; 43 NW 1043 (1889), this Court referred to the sheriff's duties as relating to "the administration of civil and criminal justice."  Similarly, in *White v East Saginaw*, 43 Mich 567, 570; 6 NW 86 (1880), this Court referred to the sheriff's duties as "'more or less directly connected with the administration of justice,'" quoting *People v Edwards,* 9 Cal 286 (1858).  It is certainly interference with the administration of justice to provide law enforcement officers with a false name.

The investigation of crime is critical to the administration of justice.  Providing a false name to the

6

police constitutes interference with the administration of justice, and OV 19 may be scored, when applicable, for this conduct. Therefore, to the extent that it is inconsistent with this opinion, an order will be issued disapproving the reasoning of *Deline*.

## IV. CONCLUSION

Conduct that occurs before criminal charges are filed can form the basis for interference, or attempted interference, with the administration of justice, and OV 19 may be scored for this conduct where applicable. Accordingly, we affirm the trial court's assessment of ten points for OV 19 because defendant's conduct constituted interference with the administration of justice.

Michael F. Cavanagh
Maura D. Corrigan
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

7