CAVANAGH, J.
(dissenting). I respectfully dissent because I disagree with the majority’s conclusion that a sentencing court may employ a transactional approach to scoring offense variable (OV) 19, MCL 777.49, in the *203 sentencing guidelines. Rather, I think that the general rule that “the appropriate offense variables are generally to be scored on the basis of the sentencing offense” applies to OV 19. People v McGrow, 484 Mich 120, 124; 771 NW2d 655 (2009) (quotation marks omitted). Accordingly; I would affirm the judgment of the Court of Appeals.
As the majority correctly recites, in McGrow this Court held that “[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable.” Id. at 133. The majority also correctly notes that we recognized a limited exception to this general rule. Specifically, we held that offense variables may be scored on the basis of conduct not related to the sentencing offense when an offense variable “specifically provide[s] otherwise.” Id. at 125,129,135 (emphasis added; quotation marks omitted).
In McGrow, this Court considered a list of OVs that permit a transactional scoring approach. Id. at 125-126, quoting People v Sargent, 481 Mich 346, 349-350; 750 NW2d 161 (2008). For example, MCL 777.44(2)(a) states that “[t]he entire criminal transaction should be considered” when scoring OV 14, MCL 777.42(2)(a) provides that OV 12 applies to acts that occurred within 24 hours of the sentencing offense and have not resulted and will not result in separate convictions, MCL 777.43(2)(a) allows scoring of OV 13 using “all crimes within a 5-year period,” MCL 777.46(2)(a) permits a court to add the “aggregate value of the property involved” when scoring OV 16, and MCL 777.38(l)(a) focuses on conduct “beyond the time necessary to commit the offense” when scoring OV 8. These examples illuminate the clarity with which the Legislature made its intent known in the sentencing guide *204 lines. As this Court stated in McGraw, conduct not related to the sentencing offense may only be considered when the Legislature has explicitly stated that such conduct may be considered. McGraw, 484 Mich at 126.
Call me a strict constructionist if you must, but contrary to the majority’s conclusion, nothing in OV 19 “specifically” or “explicitly” permits a transactional approach to scoring that OV The Legislature has established that it is capable of clearly and specifically expressing its intent regarding when a sentencing court may consider transactional conduct, and it would have done so in drafting OV 19 if that was truly its intent. The lack of specificity regarding the application of a transactional approach to OV 19, combined with the fact that the conduct described in OV 19 could occur during the commission of a charged offense, indicates a legislative intent to only score OV 19 on the basis of offense-specific conduct.
The majority’s reliance on MCL 777.22 to support its conclusion is equally unpersuasive. Although the majority is correct that, under MCL 777.22, OV 19 is generally applicable to all six offense categories, this does not discount the fact that a court may only score OV 19 when it is appropriate for the facts of a particular case. The Legislature provided a detailed and unambiguous explanation of when such scoring is appropriate, and a sentencing court is not permitted to ignore the statutory language of a specific OV statute and rely solely on the fact that a sentencing court is generally permitted to score a particular OV for a particular offense category under MCL 777.22. As summarized earlier, the Legislature has demonstrated that it is capable of expressly stating when a sentencing court may apply a transactional approach to scoring OVs. *205 Because the Legislature did not do so in MCL 777.49,1 believe the general rule of applying an offense-specific approach to scoring OVs applies to OV 19.
Moreover, the majority erroneously extends People v Barbee, 470 Mich 283; 681 NW2d 348 (2004), beyond its holding to support its reasoning. Barbee did not directly consider whether OV 19 should be scored using conduct committed after the sentencing offense is complete. Rather, Barbee only addressed the meaning of the phrase “interference with the administration of justice” as it is used in OV 19.[1] Although I remain committed to the holding in Barbee that the phrase “ ‘administration of justice’ ” “encompasses more than just the actual judicial process,” id. at 287-288, I disagree with the majority that the administration of justice “is not commenced until an underlying crime has occurred,” ante at 202, to the extent that the majority means that a crime must be complete before the “administration of justice” can begin. Rather, I think that the “administration of justice” may begin simultaneously with the commission of a crime in some circumstances. For example, if the police arrive on the scene of an ongoing crime and the defendant begins shooting at the officers or otherwise prevents the officers from “administering justice” while still in the process of committing the underlying crime, the defendant is simultaneously committing the sentencing offense and interfering with the administration of justice. Similarly, a defendant interferes with the administration of justice anytime he or she threatens a witness, even if the defendant makes the threat before law enforcement is actively “adminis *206 tering justice” because the defendant’s act of threatening the witness has the potential to impede the administration of justice. Under this approach, a defendant who threatens a witness while committing a crime could have points assessed under OV 19 because the defendant interfered with the administration of justice while committing the sentencing offense. Thus, applying the offense-specific approach to scoring OV 19 would not result in as narrow an application as the majority implies because the conduct considered by OV 19 does not necessarily include conduct occurring after an offense has been completed.
Finally, applying an offense-specific approach to OV 19 would not leave defendant’s crime of witness intimidation unpunished. As discussed in McGrow, a sentencing court may consider transactional conduct “when deciding what sentence to impose within the appropriate guidelines range and whether to depart from the guidelines recommendation.” McGrow, 484 Mich at 129. Moreover, “the prosecution is always free to charge a defendant with multiple offenses if they exist, rather than a single offense.” Id. at 130. Indeed, it is clear that the trial court and the prosecution made use of these valid alternatives in this case. First, while explaining its decision to sentence defendant at the top of the guidelines minimum sentence range for his manslaughter conviction, the trial court seemed to take defendant’s crime of witness intimidation into consideration. The trial court noted that defendant had failed to take responsibility for his conduct and had threatened a witness in an attempt to avoid responsibility. Second, defendant was convicted of and sentenced for witness intimidation on the basis of the conduct that was the foundation for the trial court’s decision to assess 15 points under OV 19.
*207 Although defendant’s conduct was deplorable, I believe the majority’s holding erroneously permits a sentencing court to consider transactional conduct when scoring OV 19, contrary to the general rule explained in McGraw. Accordingly, I respectfully dissent.
KELLY, C.J., concurred with CAVANAGH, J.

 Furthermore, Barbee is distinguishable from this case on its facts because the defendant in Barbee gave a false name during the traffic stop associated with the sentencing offense whereas here defendant did not threaten the witness until days after the criminal conduct that was the focus of the sentencing offense.