CAVANAGH, J.
(dissenting). I respectfully disagree with the majority’s interpretation of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 et seq. In my view, § 4(d)(2) of the act, MCL 333.26424(d)(2), does not limit, the definition of “medical use” of marijuana set forth in § 3(e) of the act, MCL 333.26423(e), so that a qualified patient who transfers marijuana to another qualified patient is precluded from asserting immunity under § 4(a) of the act, MCL 333.26424(a). Rather, I would hold that when a qualified patient transfers marijuana to another qualified patient, both individuals *162 have the right to assert immunity under § 4 of the act, MCL 333.26424. Furthermore, as a result of the majority’s erroneous interpretation of § 4, the majority improperly concludes that any facilitation of the transfer of marijuana from patient to patient is unlawful and enjoinable as a nuisance.
As the majority explains, defendants’ activity falls under the definition of “medical use” of marijuana set forth in § 3(e) of the act, which states that “medical use” means “the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marihuana... to treat or alleviate a registered qualifying patient’s debilitating medical condition . . . .” MCL 333.26423(e) (emphasis added). However, the majority erroneously concludes that only the qualified patient who receives marijuana is entitled to assert § 4 immunity in light of its interpretation of § 4(d)(2). Section 4(d) of the act provides a presumption that “a qualifying patient or primary caregiver is engaged in the medical use of marihuana” when certain conditions are met. MCL 333.26424(d). However, under § 4(d)(2), that presumption may be rebutted with evidence that the “conduct related to marihuana was not for the purpose of alleviating the qualifying patient’s debilitating medical condition . . . .” MCL 333.26424(d)(2) (emphasis added). The majority reasons that the reference to “the” qualified patient requires the conclusion that only the recipient of marijuana is entitled to § 4 immunity for a patient-to-patient transfer of marijuana because only the transferee’s medical condition may be alleviated as a result of the transfer.
I disagree with this interpretation because it is inconsistent with the rules of statutory interpretation. When interpreting the MMMA, “[w]e must give the *163 words of the MMMA their ordinary and plain meaning as would have been understood by the electorate.” People v Kolanek, 491 Mich 382, 397; 817 NW2d 528 (2012), citing People v Barbee, 470 Mich 283, 286; 681 NW2d 348 (2004). It is true that, in order for the § 4(d) presumption to apply, the marijuana-related conduct at issue must be for the purpose of alleviating the medical condition or symptoms of the qualified patient who in fact suffers from a debilitating medical condition. However, when a qualified patient transfers marijuana to another qualified patient, the transferor is also engaged in marijuana-related conduct for the purpose of alleviating the medical condition of the qualified patient who is also involved in the transfer and is suffering from a debilitating medical condition. The marijuana-related conduct is the transfer of marijuana, which is expressly included in the definition of “medical use” of marijuana. MCL 333.26423(e). Thus, the reference in § 4(d)(2) to “the” qualifying patient simply requires that one of the two qualified patients involved in the transfer of marijuana have a debilitating medical condition that the transfer of marijuana is intended to alleviate.
Moreover, when interpreting a statute, “[a] court should consider the plain meaning of a statute’s words and their placement and purpose in the statutory scheme.” McCormick v Carrier, 487 Mich 180, 192; 795 NW2d 517 (2010) (citation and quotation marks omitted). The majority’s singular reliance on the reference in § 4(d)(2) to “the” qualifying patient ignores the fact that § 4(a) and the introductory language of § 4(d) refer to “a” qualifying patient. Therefore, when § 4(d)(2) is viewed in the context of § 4 in its entirety, it is clear that any qualified patient “who has been issued and possesses a registry identification card” has the right to assert § 4 immunity. MCL 333.26424(a).
*164 The majority characterizes its holding as creating “asymmetric” immunity under § 4 because it permits a qualified patient who receives marijuana to assert immunity, but a qualified patient who transfers marijuana is not entitled to the same protection. Ante at 156 n 60. Thus, under the majority’s holding, a qualified patient’s right to receive marijuana is effectively extinguished because a patient-to-patient transfer of marijuana can never occur lawfully for both qualifying patients. I cannot conclude from the plain meaning of the language of the MMMA that the electorate intended to afford a person a right only to foreclose any real possibility that the person may benefit from that right. Furthermore, the majority’s view is inconsistent with the purpose of the MMMA — to promote the “health and welfare of [Michigan] citizens” — because qualified patients who- are in need of marijuana for medical use, yet do not have the ability to either cultivate marijuana or find a trustworthy primary caregiver, are, for all practical purposes, deprived of an additional route to obtain marijuana for that use — another qualified patient’s transfer. MCL 333.26422(c).
Lastly, the majority’s erroneous interpretation of § 4(d) leads the majority to an inadequate analysis regarding its ultimate conclusion that defendants’ facilitation of the transfer of marijuana is enjoinable under MCL 600.3801 and MCL 600.3805 as a public nuisance.[1] Because I would conclude that the MMMA does not exclude patient-to-patient transfers of marijuana from the immunity afforded under § 4 of the act, the next inquiry should be whether the facilitation of the transfer of marijuana falls under the act’s definition *165 of “medical use” of marijuana, which, if so, means that a qualified patient who facilitates the transfer of marijuana has the right to assert immunity under § 4(a) and is entitled to the presumption that he or she was engaged in the medical use of marijuana under § 4(d).[2] The majority skims over this question by employing the same flawed reasoning that it uses to conclude that the MMMA does not permit patient-to-patient transfers of marijuana — that the transfers of marijuana that defendants facilitated are only subject to immunity to the extent that the recipient of the marijuana may assert the immunity. Thus, not only has the majority improperly limited a qualified patient’s right to receive marijuana for medical use from another qualified patient, as previously explained, but the majority also holds that virtually all medical-marijuana dispensaries are illegal and thus enjoinable as a nuisance because those operations facilitate patient-to-patient transfers of marijuana.
In sum, I respectfully disagree with the majority’s interpretation of § 4(d)(2), which limits the definition of “medical use” of marijuana as set forth in § 3(e) because that interpretation erroneously precludes a qualified patient who transfers marijuana to another qualified patient from asserting § 4 immunity. Rather, I would hold that both qualified patients involved in a patient-to-patient transfer of marijuana have the right to assert *166 immunity and are entitled to immunity if they meet the specific requirements of § 4. Thus, I also disagree with the majority’s conclusion that any facilitation of a patient-to-patient transfer of marijuana is enjoinable as a nuisance.
MCCORMACK, J., took no part in the decision of this case.

 MCL 600.3801(1)(c) states that a building may be declared a nuisance if “[i]t is used for the unlawful manufacture, transporting, sale, keeping for sale, bartering, or furnishing of a controlled substance.”

 Notably, the same analysis is not equally applicable to primary caregivers because while § 4(b) allows primary caregivers to assert immunity for the medical use of marijuana, that immunity is conditioned by the fact that the caregiver must be “assisting a qualifying patient to whom he or she is connected through the department’s registration process .. . .” MCL 333.26424(b). Similarly, a qualified patient’s right to assert § 4 immunity is conditioned on additional requirements apart from the requirement that he or she was engaging in the medical use of marijuana.