# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAURICE WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
December 20, 2016

No. 328717
Wayne Circuit Court
LC No. 11-004382-01-FC

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

PER CURIAM.

A jury convicted Maurice Williams of armed robbery, MCL 750.529, for the early morning mugging of an employee at Eastern Market. The trial court originally sentenced Williams as a fourth habitual offender to life imprisonment, an upward departure from the sentencing range. In a prior appeal, this Court remanded for resentencing because the trial court failed to state substantial and compelling reasons to support this sentence and improperly sentenced Williams as a fourth, rather than second, habitual offender. *People v Williams*, unpublished opinion per curiam of the Court of Appeals, issued January 16, 2014 (Docket No. 306499). On remand, the trial court resentenced Williams as a second habitual offender to a within-guideline sentence. Unfortunately, the resentencing occurred one month before the sea change in Michigan's sentencing scheme triggered by *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and the trial court relied on judicially found facts in imposing sentence. Moreover, the court erroneously listed Williams as a fourth habitual offender on the judgment of sentence. Accordingly, we remand for further sentencing procedures and for the ministerial correction of the judgment.

## I. JUDICIAL FACT-FINDING

At resentencing, the trial court scored five points for offense variable (OV) 2. Pursuant to MCL 777.32(1)(d), a court must score five points if an offender "possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." The prosecution charged Williams of felon in possession of a firearm and felony-firearm, but the jury acquitted him of those offenses. Although the jury convicted Williams of armed robbery, actual possession of a real weapon, let alone "a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon," is not a necessary element of that offense. See MCL 750.529 (providing that armed robbery occurs even when the defendant possesses "an article used or fashioned in a manner to lead any person

-1-

present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon"). The trial evidence supported that Williams either actually possessed a handgun or feigned possession. The jury believed he did not actually possess this weapon. Accordingly, any score under OV 2 had to be based on judicially found facts.

The trial court scored 10 points for OV 19, reflecting that "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). It appears that Williams conceded that refused to give police his name, potentially supporting this score. However, Williams also contended that his decision not to cooperate was legally justified, and therefore not an interference with the administration of justice because the police were acting unlawfully. As such, the court was also required to find the facts necessary to impose a 10-point score for OV 19.

In *Lockridge*, 498 Mich at 364, our Supreme Court held Michigan's sentencing guidelines unconstitutional to the extent they require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range. To avoid any Sixth Amendment violation, the Court rendered the guidelines advisory only. *Id.* at 391. Courts must still score the sentencing variables and assess "the highest number of points possible . . . whether using judge-found facts or not." *Id.* at 392 and n 28. When a defendant establishes that the court relied on judicially found facts in calculating his or her sentence (under the assumption that the legislative guidelines were mandatory), we must determine whether the elimination of those scores would alter the now-advisory sentencing guidelines range. *Id.* at 394. If the guidelines range is altered, we must remand to the trial court for a *Crosby* proceeding[1] to determine whether the court would have imposed a materially different sentence had it been aware the guidelines were advisory. *Id.* at 395-397. If the court determines that it would have imposed a materially different sentence, and the defendant chooses to pursue resentencing, the court must reconsider its sentencing decision. *Id.*

In scoring Williams's guidelines, the trial court assessed 65 total prior record variable (PRV) points and 25 OV points, placing Williams in PRV Level E and OV Level II for a class A offense. MCL 777.62. Less the 15 points assessed for OVs 2 and 19, Williams's total OV score of 10 would place him in OV Level I. As judicially found facts increased Williams's OV level, we must remand for further proceedings consistent with *Lockridge* and *Crosby*.[2]

---

[1] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

[2] If Williams elects to be resentenced on remand, the trial court may again base its scoring decisions on judicially found facts with the understanding that the sentencing guidelines are advisory only.

## II. OV 19

Williams contends that on remand, the trial court should be precluded from assessing any points for OV 19. In this vein, he reiterates his claim made at resentencing that he acted within his legal rights in the face of an unlawful arrest and his conduct cannot be counted against him at the sentencing phase. See *People v Moreno*, 491 Mich 38, 44-57; 814 NW2d 624 (2012).

According to a testifying officer, the victim reported that he heard another man call his robber "Snap." Officers questioned "several anonymous citizens" in the area regarding whether they knew an individual by that name. Someone advised that Snap could be "located in the house, 2281 Hale," one street south of the robbery situs. Officers arrived, knocked on the door, and asked the individual who answered for permission to enter, which was granted. Williams was inside the house and matched the description of "Snap" given by the victim. The officer testified that Williams initially gave him a false name, but then admitted his real identity and his street name. The officer placed Williams under arrest when a LEIN search revealed outstanding warrants.

The court was not asked before or during trial to consider the legality of the search or arrest. Williams never filed a motion to suppress or offered any evidence to contradict the officer's testimony that an occupant answered the door and consented to entry by the police. Law enforcement officers are permitted to seek consent to enter a home and even to conduct a search within. See *People v Frederick*, 313 Mich App 457, 473; 886 NW2d 1 (2015). Accordingly, if the officer's testimony is believed, Williams's arrest was legal. If the court believes the officer that Williams gave a false name, a 10-point score would be supportable. See *People v Barbee*, 470 Mich 283, 288; 681 NW2d 348 (2004). We therefore cannot preclude the court from scoring OV 19 on remand.

## III. CORRECTION OF THE JUDGMENT OF SENTENCE

Finally, Williams notes that even though the trial court sentenced him as a second habitual offender at resentencing, the judgment of sentence continues to improperly identify him as a fourth habitual offender. Accordingly, we remand for the ministerial task of correcting the judgment of sentence in this regard. See MCR 6.435(A).

We remand for further sentencing procedures pursuant to *Lockridge* and for correction of the judgment of sentence. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro