# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TRON ARIEL ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
June 15, 2017

No. 331817
Calhoun Circuit Court
LC No. 2012-000819-FH

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

Defendant, Tron Ariel Robinson, was convicted by a jury of first-degree home invasion, MCL 750.110a(2), the unlawful killing of an animal, MCL 750.50b, possession of a firearm by a felon, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant appealed as of right and filed a motion to remand, and this Court granted defendant's motion to remand to allow defendant an opportunity to move for resentencing. *People v Robinson*, unpublished order of the Court of Appeals, entered July 9, 2013 (Docket No. 313131). After resentencing took place, this Court affirmed defendant's convictions and sentences. *People v Robinson*, unpublished opinion of the Court of Appeals, issued June 10, 2014 (Docket No. 313131). Defendant applied for leave to appeal before the Michigan Supreme Court, and our Supreme Court reversed in part and remanded this matter for resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Resentencing took place a second time, and defendant appeals again, arguing that resentencing is required for a third time because the trial court erroneously scored offense variable (OV) 19 at 10 points.[1] We disagree.

OV 19 is to be scored at 25 points if "[t]he offender by his or her conduct threatened the security of a penal institution or court," 15 points if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to

---

[1] Defendant also raised several other arguments in a pro se brief filed pursuant to Administrative Order 2004-6, Standard 4. However, the scope of this appeal is limited to the resentencing proceeding only. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) ("[W]e hold that the scope of the second appeal is limited by the scope of the remand."). We therefore decline to address those additional arguments.

interfere with, or that results in the interference with the administration of justice or the rendering of emergency services," 10 points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice," or zero points if "[t]he offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force." MCL 777.49. Defendant argues that OV 19 should have been scored at zero, not 10, points. However, as he expressly acknowledges in his brief on appeal, the record reflects that defendant apparently asked a witness to lie about his whereabouts at the time of the home invasion, traveled to Florida with an accomplice so that they would not "get caught up in anything[,]" and "didn't want [the same accomplice] to have contact with the police because [she] was young and he was afraid [she] would talk[.]" In our view, encouraging witnesses to either lie or refuse to talk to law enforcement, especially when coupled with fleeing to another state, constitutes sufficient interference or attempted interference with the administration of justice to score OV 19 at 10 points. See *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016) ("OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense.").[2] Accordingly, the trial court correctly scored OV 19, and reversal is not required.[3]

Affirmed.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra

---

[2] See also *People v Barbee*, 470 Mich 283, 288; 681 NW2d 348 (2004) (holding that providing a false name to law enforcement, *alone*, constitutes sufficient interference or attempted interference with the administration of justice to score OV 19 at 10 points).

[3] While we choose to address defendant's argument on its merits, we would note that it is certainly arguable, as the prosecution claims, that defendant waived this argument by expressly agreeing to the accuracy of the presentence investigation report and not otherwise challenging the trial court's scoring of OV 19 during resentencing. See, e.g., *People v Carter*, 462 Mich 206, 219; 612 NW2d 144 (2000) ("In the present case, counsel clearly expressed satisfaction with the trial court's decision . . . . This action effected a waiver. Because defendant waived, as opposed to forfeited, his rights under the rule, there is no 'error' to review.").