*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CLYDE CARL LEDERER,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2020

No. 348724
Alcona Circuit Court
LC No. 18-003079-FH

Before: REDFORD, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Clyde Lederer, was convicted by a jury of resisting or obstructing a police officer, MCL 750.81d(1), and domestic violence, MCL 750.81(2). Lederer appeals by right. For the reasons stated in this opinion, we affirm.

Lederer argues that the trial court erred by scoring 15 points for offense variable (OV) 19. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Pursuant to MCL 777.49(b), the trial court must score OV 19 at 15 points if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." " 'Force' is nothing more than the exertion of strength and physical power." *People v Passage*, 277 Mich App 175, 178; 743 NW2d 746 (2007), quoting *Random House Webster's College Dictionary* (2001). Conduct does not have to rise to the level of a chargeable offense (i.e., "obstruction of justice") to meet this standard. *People v Barbee*, 470 Mich 283, 287; 681 NW2d 348 (2004). Additionally, interference with the administration of justice "encompasses more than just the actual judicial process. Law enforcement officers are an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order." *Id.* at 287-288. "Conduct that occurs before criminal charges are filed can form the basis for interference, or attempted interference, with the administration of justice, and OV 19 may be scored for this conduct where applicable." *Id.* at 288. "OV 19 may

also be properly scored when the sentencing offense itself necessarily involves interfering with the administration of justice." *People v Sours*, 315 Mich App 346, 349, n 1; 890 NW2d 401 (2016).

Here, a police deputy responded to a domestic violence call. When she arrived, Lederer approached her in what she described as a very fast and aggressive manner. She observed that he was highly intoxicated. After some initial questioning, Lederer started toward the house. She directed him not to go inside, but he continued. The officer grabbed his arm, but he jerked it away. She grabbed his arm two more times, but both times he jerked his arm away. After, the officer attempted to secure him in the police vehicle, but he was not compliant. He also resisted her attempts to handcuff him by separating his hands. By exerting his strength and physical power to pull his arm away from the officer's grasp and to hinder her attempts to handcuff him, Lederer used force in the effort to interfere with the administration of justice. See *Passage*, 277 Mich App at 178. Consequently, the trial court did not clearly err by scoring OV 19 at 15 points.

Because OV 19 was properly scored, Lederer's lawyer was not ineffective for failing to object to the trial court's decision to score it at 15 points. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (stating that a lawyer is not ineffective for failing to raise a meritless or futile objection).

Affirmed.

/s/ James Robert Redford
/s/ Jane M. Beckering
/s/ Michael J. Kelly