*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH DAVID COLBERT-BRAND,

        Defendant-Appellant.

UNPUBLISHED
September 29, 2022

No. 358247
Calhoun Circuit Court
LC No. 2015-003599-FH

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Defendant appeals by right the trial court's imposition of a sentence of 4 to 10 years for his conviction of being a felon in possession of a firearm (felon-in-possession). Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant was convicted by a jury of felon-in-possession, MCL 750.224f, and possession of a firearm during the commission of a felony, second offense, MCL 750.227b(2). The trial court initially sentenced defendant, as a fourth habitual offender, MCL 769.12, to serve consecutive prison terms of 5 years for the felony-firearm conviction, and 8 to 10 years for the felon-in-possession conviction. Defendant appealed, and this Court affirmed defendant's convictions but remanded for resentencing the felon-in-possession conviction, concluding (1) the trial court erred in scoring three of the offense variables in the sentencing guidelines; and (2) the sentence violated the principle according to which a " 'sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act.' " *People v Colbert-Brand*, unpublished opinion of the Court of Appeals, issued December 6, 2018 (Docket No. 338483), p 9, quoting *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972).

On remand, the trial court imposed consecutive sentences of imprisonment of five years for the felony-firearm conviction, and 4 to 10 years for the felon-in-possession conviction. The latter minimum sentence was at the high end of the range recommended under the sentencing guidelines. This appeal followed.

-1-

## II. DISCUSSION

Defendant first argues that the trial court erred by imposing an unreasonable sentence. Specifically, defendant contends that the trial court did not consider mitigating factors such as the reduction in defendant's total offense variable score, the positive behavior he had exhibited in prison, or defendant's individual characteristics. We disagree.

At sentencing, defense counsel requested "a minimum sentence of forty-eight months," which was consistent with the recommendation of the probation department. This is the sentence the court imposed. Because defendant explicitly made this request, defendant waived any challenge to the proportionality of his sentence. See *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011) (counsel cannot harbor error in the lower court and then use that error as an appellate parachute).

But even if defendant had not waived his right to challenge the sentence, this Court's ability to review the sentence is limited by statute. Under MCL 769.34(10), this Court's review of a sentence is precluded where "the sentence is within the appropriate guidelines sentence range," unless "there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." See also *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). Moreover, a sentence within the guidelines range is presumed proportionate. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). Accordingly, "this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines," and "must affirm" sentences within the guidelines "unless there was an error in the scoring or the trial court relied on inaccurate information." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018).

The 48-month minimum imposed was thus within the guidelines range, is presumed proportionate, and we are precluded under MCL 769.34(10) from reviewing defendant's sentence. Defendant contends, however, that MCL 769.34(10) is no longer valid in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In that case, our Supreme Court stated, "To the extent that any part of MCL 769.34 or another statute refers to use of the sentencing guidelines as mandatory or refers to departures from the guidelines, that part or statute is also severed or struck down as necessary." *Id*. at 365 n 1. But this Court has since held that *Lockridge* "did not alter or diminish MCL 769.34(10)." *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 183 (2016). MCL 769.34(10) thus remains in effect and dispositive of this issue.[1] We are, therefore, precluded from reviewing defendant's sentence.

---

[1] We note that the Michigan Supreme Court is currently considering whether to grant leave to consider, among other issues, "whether the requirement in MCL 769.34(10) that the Court of Appeals affirm any sentence within the guidelines range, absent a scoring error or reliance on inaccurate information, is consistent with the Sixth Amendment, the due-process right to appellate review, and *People v Lockridge* . . . ." *People v Posey*, 508 Mich 940; 964 NW2d 362 (2021). Unless and until the Supreme Court concludes we are not to follow the mandate of MCL 769.34(10), we must affirm defendant's sentence because it was within the guidelines range.

And even assuming that defense counsel had not waived the issue and that our review was not precluded, we would still affirm defendant's sentence because, in our view, the trial court did not abuse its discretion when it imposed the sentence. See *People v Rydzewski*, 331 Mich App 126, 132; 951 NW2d 356 (2020) (stating this Court reviews a sentencing court's decision for abuse of discretion). Defendant contends that his sentence was disproportionate because the court failed to take into consideration mitigating factors. Contrary to defendant's argument, the trial court stated on the record that it had reviewed and considered the information provided, and detailed its rationale for the sentence imposed. Accordingly, the trial court did not abuse its discretion because the four-year minimum sentence was " 'proportionate to the seriousness of the circumstances surrounding the offense and offender.' " *People v Steanhouse*, 500 Mich 453, 459; 902 NW2d 327 (2017), quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

Defendant also argues that the trial court erred when it assessed Offense Variable 19 from the sentencing guidelines at 10 points because, in defendant's view, he did not engage in any conduct that interfered with the administration of justice. See MCL 777.49(c). However, defendant did not raise this issue in the trial court during sentencing. As we have already stated, "[a] party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." MCL 769.34(10).

Indeed, defense counsel had the opportunity to dispute the score for OV 19 at sentencing, but failed to do so. Rather, during allocution, counsel stated that the "guidelines w[]ere rescored [and] we believe they are accurate at twelve to forty-eight months." The presentence report explained the ten-point assessment:

> The defendant was . . . scored 10 points for OV19 as he attempted to evade a lawful arrest by fleeing at high speeds from the marked police vehicles that had their lights and sirens on, refusing to stop even when his tires were flattened by stop sticks, and only was stopped when a police vehicle rammed his vehicle off the road. Additionally, he threw his gun out the window into a random yard so that he would not be caught with it. He also initially refused to tell officers his name.

Each of these reasons was sufficient to support the sentencing court's assessment of ten points for OV 19. See e.g., *People v Barbee*, 470 Mich 283; 618 NW2d 348 (2004) ("[p]roviding a false name to police constitutes interference with the administration of justice"); *People v Hershey*, 303 Mich App 330, 334; 844 NW2d 127 (2013) (interference with the administration of justice includes "fleeing from police contrary to an order to freeze"); *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010) (requesting that another dispose of the knife used to stab the

victim is interference with the administration of justice). Thus, we find no error in the trial court's decision to assess 10 points for OV 19.[2]

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Anica Letica
/s/ Michelle M. Rick

---

[2] Defendant additionally contends that any remand for resentencing should take place before a different sentencing judge. However, because defendant has not demonstrated a meritorious claim, no remand is forthcoming, and defendant's arguments concerning judicial bias are therefore moot.