*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT ANTHONY SONDERMAN,

Defendant-Appellant.

UNPUBLISHED
October 11, 2024
2:00 PM

No. 366738
Leelanau Circuit Court
LC No. 2022-002082-FH

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentences for plea-based convictions of conducting a criminal enterprise, MCL 750.159i(1), and maintaining a drug house, MCL 333.7405(1)(d). The trial court sentenced defendant to 72 to 240 months' imprisonment for conducting a criminal enterprise and 6 to 24 months' imprisonment for maintaining a drug house. We affirm.

## I. BACKGROUND

This case arises out of defendant's involvement in a scheme to deliver methamphetamine. Law enforcement officers executed a search warrant at defendant's residence after the United States Postal Inspector intercepted a package that was addressed to defendant and contained methamphetamine. While the officers were executing the search warrant, they observed defendant drive by the residence without stopping. Days later, defendant was charged and a warrant was issued for his arrest. Through defendant's cell phone activity, he was located in Illinois and extradited to Michigan.

Defendant pleaded guilty to conducting a criminal enterprise and maintaining a drug house. At sentencing, defendant argued that he was erroneously scored 10 points for offense variable

---

[1] *People v Sonderman*, unpublished order of the Court of Appeals, entered August 23, 2023 (Docket No. 366738).

(OV) 19 on the basis that he interfered with the administration of justice. The trial court disagreed and determined that the score was appropriate. This appeal followed.

## II. ANALYSIS

We review for clear error a trial court's factual determinations under the sentencing guidelines, which must be supported by a preponderance of the evidence. *People v Ziegler*, 343 Mich App 406, 410; 997 NW2d 493 (2022). Clear error exists when we are left with a definite and firm conviction that an error has occurred. *People v Caddell*, 332 Mich App 27, 41; 955 NW2d 488 (2020). Whether the facts, as found, support the particular score assessed is a question of statutory interpretation, which we review de novo. *Ziegler*, 343 Mich App at 411.

Under MCL 777.49, points are properly assessed for OV 19 on the basis of a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49(b) directs sentencing courts to score 15 points if an offender used force or the threat of force against another person or the person's property that interfered with, attempted to interfere with, or resulted in the interference with the administration of justice or the rendering of emergency services. MCL 777.49(c) instructs sentencing courts to score ten points for OV 19 if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order." The question presented is whether defendant interfered with the administration of justice when he drove by his residence without stopping while the police were searching the residence and thereafter fled to Illinois.

"[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Although the phrase "interfered with or attempted to interfere with the administration of justice" in MCL 777.49(c) can include acts that constitute obstruction of justice, the phrase is not limited to acts that constitute obstruction of justice. *People v Barbee*, 470 Mich 283, 286; 681 NW2d 348 (2004). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016).

Defendant argues that ten points were erroneously scored for OV 19 because he had no duty to return to his residence and assist the officers in executing the search warrant or to remain in the state of Michigan thereafter. Relying on *People v Deweerd*, 511 Mich 979, 980 (2023), defendant contends that his acts amounted to a failure to assist in or facilitate the investigation. In *Deweerd*, 511 Mich at 980-982, the Court determined that the trial court erroneously scored ten points under OV 19 because the defendant's statements to the police following a search constituted the mere denial of culpability. Defendant's reliance on *Deweerd* is misplaced because his conduct amounted to more than the mere failure to assist in the investigation. Rather, defendant fled the state after he drove by his residence and realized that law enforcement officers were searching the residence. The purpose of defendant's flight to Illinois was "to avoid being caught and held accountable" for his conduct. See *Sours*, 315 Mich App at 349. Further, defendant's actions constituted an attempt to "prevent law enforcement from being able to arrest" him. See *Deweerd*, 511 Mich at 980; see also *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016) ("Hiding

from the police constituted an interference with the administration of justice because it was done for the purpose of hindering or hampering the police investigation.")  Accordingly, the trial court properly scored ten points under OV 19.

## III.  CONCLUSION

Because the trial court did not err by scoring ten points under OV 19 on the basis that defendant's actions constituted interference with the administration of justice, defendant is not entitled to resentencing.

Affirmed.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani