*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 19, 2025
9:51 AM

Plaintiff-Appellee,

v

No. 369553
Shiawassee Circuit Court
LC No. 2023-008001-FH

JASON ROBERT COUSINO,

Defendant-Appellant.

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals by right his conviction of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and his sentence as a fourth-offense habitual offender, MCL 769.12, to 76 to 240 months' imprisonment. We affirm.

## I. FACTS

On June 7, 2023, police saw defendant and his wife walking into a homeless camp in Owosso, Michigan. The area is known for drug trafficking, and police officers were surveilling the area. The officers then saw defendant and his wife leave the homeless camp and walk to a pick-up truck in a parking lot, where officers saw the couple look nervously about and appear to try to conceal themselves. The officers saw defendant reach into the front driver's-side wheel well of the truck. The officers approached defendant as he stood by the truck, and found an earbuds case containing methamphetamine resting on top of the tire in the front driver's-side wheel well of the truck; the earbuds case was clean and did not appear to have been exposed to the elements. The officers also discovered drug paraphernalia under the truck near the front driver's-side tire, including a needle, a pipe, and two baggies containing suspected methamphetamine. Defendant was arrested and charged with possession of methamphetamine.

At trial, the officers testified about defendant's actions and demeanor during the incident, the discovery of the methamphetamine in the wheel well, and the drug paraphernalia found under the truck. At the conclusion of the prosecution's case, the trial court denied defendant's motion for a directed verdict. The jury convicted defendant of possession of methamphetamine, and he

-1-

was sentenced as a fourth-offense habitual offender, MCL 769.12, to 76 to 240 months' imprisonment.

## II.  DISCUSSION

### A. EVIDENTIARY SUPPORT FOR THE VERDICT

Defendant contends that the prosecution failed to present sufficient evidence to support his conviction, that the trial court erred by denying his motion for a directed verdict, and that his conviction is against the great weight of the evidence.  We disagree.

We review de novo a challenge to the sufficiency of the evidence to determine whether a trier of fact could find that the elements of the crime were proven beyond a reasonable doubt. *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020).  In doing so, we view the evidence in the light most favorable to the prosecution, *id.*, and draw all reasonable inferences and make all credibility choices in favor of the verdict, *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018).  Similarly, we review de novo the trial court's decision to deny defendant's motion for a directed verdict to determine whether the evidence was sufficient to justify a rational trier of fact finding the defendant guilty beyond a reasonable doubt.  Again, we view the evidence in the light most favorable to the prosecution.  *People v Couzens*, 480 Mich 240, 244; 747 NW2d 849 (2008). Because defendant did not move for a new trial, his assertion that the jury verdict was against the great weight of the evidence is unpreserved.  See *People v Knepper*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363191); slip op at 5.  We therefore review that issue for plain error affecting defendant's substantial rights.  *Id.*

Defendant was convicted of possession of methamphetamine in violation of MCL 333.7403(2).  That statute provides in relevant part:

> (1) A person shall not knowingly or intentionally possess a controlled substance, a controlled substance analogue, or a prescription form unless the controlled substance, controlled substance analogue, or prescription form was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.
>
> (2) A person who violates this section as to:
>
> * * *
>
> (b) Either of the following:
>
>     (*i*) A substance described in section . . . 7214(c)(*ii*) is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $15,000.00, or both.  [MCL 333.7403.]

MCL 333.7214(c)(*ii*) includes "[a]ny substance which contains any quantity of methamphetamine. . . ."  The prosecution was thus required to prove that defendant knowingly or

intentionally possessed a controlled substance, in this case methamphetamine, to support a conviction on the charge.

The element of possession requires demonstration of "dominion or right of control over the drug with knowledge of its presence and character." *People v Baham*, 321 Mich App 228, 247; 909 NW2d 836 (2017) (quotation marks and citations omitted). Possession may be actual or constructive. *Id*. at 247-248. "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance." *People v Meshell*, 265 Mich App 616, 622; 696 NW2d 754 (2005). A defendant's mere presence where the controlled substance was found is not sufficient to establish possession; rather, an additional connection between the defendant and the controlled substance must be established. *Id*.

Circumstantial evidence and reasonable inferences from the evidence can constitute satisfactory proof of the elements of the crime. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). "Intent may be inferred from all the facts and circumstances." *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011). Because of the difficulty of proving an actor's state of mind, only minimal circumstantial evidence is required to show intent. *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021).

In addition, the prosecution is not required to negate every theory consistent with innocence. Instead, the prosecution is required to prove the elements of the offense beyond a reasonable doubt despite any contradictory evidence provided by the defendant. *People v Chapo*, 283 Mich App 360, 363-364; 770 NW2d 68 (2009). "The jury [is] free to accept or reject the theory of either party in light of the evidence presented at trial, and this Court will not interfere with the jury's role of determining issues of weight and credibility." *People v Ventour*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363922); slip op at 7. The trier of fact, and not the appellate court, determines the inferences that may be fairly drawn from the evidence and the weight given those inferences. *Oros*, 502 Mich at 229.

In this case, viewing the evidence in the light most favorable to the prosecution, the evidence established that defendant knowingly or intentionally possessed the methamphetamine found in the earbuds case beyond a reasonable doubt. The officers testified that they saw defendant in the parking lot next to the truck, looking around and trying to conceal himself before reaching into the driver's-side front wheel well of the truck where the methamphetamine was found by the officers immediately thereafter. The earbuds case containing the methamphetamine was clean and did not look as though it had been outside for any period of time, suggesting that it had been placed in the wheel well very recently. Drawing all reasonable inferences in support of the jury verdict, the officers' testimony was sufficient to allow the jury to conclude that defendant both possessed the methamphetamine found in the wheel well and knew it was methamphetamine. See *Dunigan*, 299 Mich App at 582. Because the verdict was supported by sufficient evidence, the trial court did not err by denying defendant's motion for a directed verdict.

We similarly reject defendant's contention that the verdict was against the great weight of the evidence. Whether a verdict is against the great weight of the evidence depends on "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003). As noted, we review this unpreserved issue for plain error affecting the defendant's

substantial rights. *Knepper*, ___ Mich App at ___; slip op at 5. Defendant argues that it would be an injustice to allow the guilty verdict to stand because there was no direct evidence that he possessed the methamphetamine or knew that the earbuds case contained methamphetamine. As discussed, however, circumstantial evidence may provide proof of the elements of the crime, and the prosecution presented sufficient circumstantial evidence to support the verdict. Defendant therefore has failed to establish that the verdict was against the great weight of the evidence.

## B. PROSECUTORIAL MISCONDUCT

Defendant contends that the prosecutor engaged in misconduct by presenting irrelevant facts and an improper closing argument. We disagree.

To preserve a claim of prosecutorial misconduct, a defendant must timely and specifically object before the trial court. *People v Isrow*, 339 Mich App 522, 529; 984 NW2d 528 (2021). In this case, defense counsel did not preserve the issue by objecting before the trial court to the prosecutor's statements. We review unpreserved claims of prosecutorial misconduct for plain error affecting the defendant's substantial rights. *People v Anderson*, 331 Mich App 552, 565; 953 NW2d 451 (2020).

Defendant argues that the prosecutor introduced "irrelevant and immaterial facts that were of an inflammatory nature" about the additional contraband found underneath the truck, which defendant contends was not related to the charges against him. We disagree that the presence of additional drug paraphernalia was unrelated to the charges against defendant. The police officers testified that on the day they arrested defendant they were surveilling the area because they knew the area was frequented by drug traffickers, and that defendant's actions in that area appeared suspicious. The discovery of drug paraphernalia and suspected methamphetamine under the truck where defendant was arrested for possession of the methamphetamine lends credence to the officers' testimony that the area was used for drug trafficking, that defendant's actions at that location were suspicious, and that defendant knew the earbuds case contained methamphetamine.

Defendant also argues that the prosecution's closing argument was improper because the prosecutor referred to methamphetamine as a "deadly substance," and that the prosecutor was "actually putting words in the mouth of [defendant], who had exercised his right to remain silent at trial." However, we observe that a prosecutor has "wide latitude in arguing the facts and reasonable inferences, and need not confine argument to the blandest possible terms." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Moreover, our review of the record reveals no improper argument by the prosecutor as suggested by defendant.

## C. OV 19 SCORING

Defendant contends that his sentencing guidelines were incorrectly scored because he was improperly assessed 10 points for Offense Variable (OV) 19. We review for clear error the trial court's factual findings, which must be supported by a preponderance of the evidence, and review de novo whether the trial court's factual findings support the score given. *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017).

The trial court must assess 10 points for OV 19 if the defendant "interfered with or attempted to interfere with the administration of justice. . . ." MCL 777.49(c). Interference with the administration of justice includes interfering with a police officer's attempt to investigate a crime. *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004). Assessment of points for OV 19 is appropriate for "conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016).

Defendant argues that the score of 10 points for OV 19 is unsupported. We disagree. Evidence was presented at trial that as police approached, defendant reached into the wheel well of a truck where the case containing methamphetamine was discovered by police moments later. The trial court's factual finding that defendant concealed evidence from the police is therefore supported by a preponderance of the evidence, and the trial court appropriately assessed 10 points for OV 19 for "conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense," *Sours*, 315 Mich App at 349.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman