# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ZACHARY X-ZAVIER-LAMAR JOHNSON,

Defendant-Appellant.

UNPUBLISHED
February 20, 2018

No. 336788
Berrien Circuit Court
LC No. 2016-002150-FH

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant was found guilty following a jury trial of first-degree home invasion, MCL 750.110a(2); and domestic violence, third offense, MCL 750.81(4). The trial court sentenced defendant to 132 to 240 months' imprisonment for first-degree home invasion and 36 to 60 months' imprisonment for domestic violence with the sentences to run consecutively and no credit for time served. Defendant now appeals as of right. We affirm.

Defendant first challenges the sufficiency of the evidence to support his conviction for first-degree home invasion. "This Court reviews de novo challenges to the sufficiency of the evidence." *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "Taking the evidence in the light most favorable to the prosecution, the question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). "In determining whether sufficient evidence was presented to support a conviction, the reviewing court will not interfere with the fact-finder's role of deciding the credibility of the witnesses." *Solloway*, 316 Mich App at 180. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Hardiman*, 466 Mich at 428.

The first-degree home invasion statute, MCL 750.110a(2), sets forth three elements that may be proved in alternative ways. In *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010), the Court listed these three elements as follows:

Element One: The defendant either:

1. breaks and enters a dwelling or

-1-

2. enters a dwelling without permission.

Element Two: The defendant either:

1. intends when entering to commit a felony, larceny, or assault in the dwelling or

2. at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault.

Element Three: While the defendant is entering, present in, or exiting the dwelling, either:

1. the defendant is armed with a dangerous weapon or

2. another person is lawfully present in the dwelling. [Emphasis deleted.]

Defendant does not challenge the third element but rather argues that he entered the dwelling with permission and that he did not assault the victim.

For the first element, to enter " '[w]ithout permission' means without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling." MCL 750.110a(1)(c).

In this case, the prosecution presented evidence that defendant entered the house without permission. Officer Andrew Belden, the officer who responded when the victim's teenage daughter called the police, interviewed the victim within minutes of the assault. The prosecution presented four clips from that interview. Officer Belden testified that the victim stated that defendant ripped the screen off the door trying to get inside the house. The victim testified that although defendant was going to stay the night at her house, she told defendant not to come if he were drunk. Defendant, however, was drunk when he arrived at her house. The victim asked the defendant to leave multiple times and tried to push him out of her house. Viewed in the light most favorable to the prosecution, we agree there was sufficient evidence in this case to conclude beyond a reasonable doubt that defendant entered the house without permission.

For the second element, the prosecution had to prove that defendant assaulted the victim or intended to do so. Although not defined by statute, "Michigan generally defines an assault as 'either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery.' " *People v Meissner*, 294 Mich App 438, 453-454; 812 NW2d 37 (2011) (citation omitted). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another . . . ." *Id*. at 454 (quotation marks and citation omitted). "It does not matter whether the touching caused an injury." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011).

Here, the prosecution presented sufficient evidence that defendant assaulted the victim. Both Officer Belden and the victim testified that she had an injury on her arm from her struggle with defendant. Officer Belden also testified that the victim told him that defendant had put "one hand around her neck and applied pressure in a choking manner." Although the details of the

-2-

incident varied slightly with the victim's testimony at trial, she still said that defendant grabbed her by the neck. But injury to her neck was not necessary to prove an assault. See *Cameron*, 291 Mich App at 614. Thus, viewed in the light most favorable to the prosecution, we again agree there was sufficient evidence that defendant assaulted the victim. See *Meissner*, 294 Mich App at 454.

Defendant contends that the prosecution presented insufficient evidence because the victim's testimony at trial called into question whether a home invasion occurred because it differed from victim's statements to Officer Belden immediately after the incident. At best, defendant has demonstrated that the prosecution presented conflicting evidence of a home invasion. But it is the jury that must determine the credibility of witnesses and the weight to assign the evidence. *Hardiman*, 466 Mich at 431. Thus, a rational juror could have found defendant guilty of home invasion beyond a reasonable doubt. *Id.* at 421.

Additionally, defendant argues that the trial court erred in assessing offense variable (OV) 19 at 10 points. We disagree.

When reviewing a challenge under the sentencing guidelines, "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake." *People v Mazur*, 497 Mich 302, 308; 872 NW2d 201 (2015). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

"A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). The trial court can consider all record evidence when calculating the defendant's guideline, including testimony from a previous hearing. *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011).

MCL 777.49, the statute defining OV 19, explains that OV 19 "is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49 also instructs the trial court to:

Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) The offender by his or her conduct threatened the security of a penal institution or court...................................................................................... 25 points

(b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services............................................................................. 15 points

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice............................................................ 10 points

(d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force.................. 0 points

"[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Conduct that interferes with or attempts to interfere with the administration of justice for purposes of scoring OV 19 does not necessarily need to rise to the level of a chargeable offense. *People v Barbee*, 470 Mich 283, 287; 681 NW2d 348 (2004). When assessing points under OV 19, a court may consider conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010).

In scoring OV 19 at 10 points in this case, the trial court relied on evidence from an evidentiary hearing at which the prosecution introduced the testimony of Officer Belden about three telephone calls and a jail video. The telephone calls were from the jail to the victim's phone number. The video was of defendant's jail dormitory and showed a man using the telephone at the same date and time that the phone calls were placed. Officer Belden recognized the voice on the phone calls as being that of defendant based on his interactions with defendant on the night of the incident at the victim's house. In the phone calls, defendant asked the person on the other end to "stay low" and mentioned a subpoena.

Although defense counsel pointed out at sentencing that charges against defendant for witness tampering were dismissed, the trial court did not err in considering uncharged conduct in determining the scoring of OVs. See *Barbee*, 470 Mich at 287. Additionally, the trial court was allowed to consider evidence from the evidentiary hearing in its sentencing decision. See *McDonald*, 293 Mich App at 300. The trial court did not clearly err in finding that defendant had contacted the victim to convince her to avoid being subpoenaed in light of the testimony by Officer Belden and the recordings introduced at the evidentiary hearing. See *Hardy*, 494 Mich at 438. Moreover, reviewing the application of the facts de novo, the trial court did not err in finding that attempts to convince the victim to avoid being subpoenaed constitutes interference with the administration of justice. *Id*.; *Hershey*, 303 Mich App at 343.

We affirm.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron